■ In the Matter of JOHN ALLAN, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application to transfer his membership from the New York State Policemen's and Firemen's Retirement System to the New York State Employees' Retirement System.

From September 14, 1972 until October 7, 1974, petitioner was a Tier I member of the New York State Policemen's and Firemen's Retirement System as an employee of the Police Department of the Village of Newark, Wayne County. On October 8, 1974, petitioner accepted employment as a Monroe

County Deputy Sheriff and shortly thereafter applied for membership in the New York State Employees' Retirement System 20-year retirement plan (Retirement and Social Security Law, § 89-b).* Petitioner's application listed his father's address in Rochester as his legal residence, and he admits using this address until July, 1975. Under section 41 (subd b, par 6), petitioner could have obtained credit for his prior service with the Newark Police Department, thereby making him eligible for the 20-year plan with Tier I status in the State Employees' Retirement System (see § 89-b; 2 NYCRR 325.2 [a]), but only by giving notice of his election to transfer credit prior to his withdrawal from the transferring system (§ 43, subd b). By the provisions of section 340 (subd f, par 1), petitioner's membership in the transferring system ceased five years after termination of his employment with the Newark Police Department. Failure to effect transfer of his prior credit service within that five-year period resulted in petitioner's present Tier II classification (2 NYCRR 325.2 [b]) with a minimum retirement age of 62 (§ 442, subd a). This is the same status petitioner would have received if he had joined the State Employees' Retirement System for the first time on October 8, 1974 without prior service.

Petitioner admits he made no effort to transfer his prior credit from the Newark Police Department within five years following his termination of employment with that department. He contends, however, that his failure to do so resulted from a lack of timely and proper notice of his retirement rights. Respondents claim petitioner was fully apprised of his transfer rights by letter dated February 13, 1975, sent to the address petitioner had listed, to which they had received no reply. At the hearing, petitioner denied receiving this letter. He also denied receiving annual statements, a custom since 1976, which indicated his tier status, until he received one in 1979. The Comptroller denied petitioner's request to transfer his prior service credit, upon a finding that the letter of February 13, 1975 had been mailed and thus there was "a strong presumption that it was received in due course of business".

By this proceeding, petitioner seeks to annul the Comptroller's determination and seeks credit for his prior police department service, which would result in Tier I membership in the 20-year retirement plan. Under the circumstances, we find that the Comptroller's determination is rational and supported by substantial evidence and, therefore, must be confirmed. It is undisputed that petitioner never applied for transfer of credit

---

* All statutory citations are to the Retirement and Social Security Law unless otherwise indicated.

from the State Policemen's and Firemen's Retirement System to the State Employees' Retirement System, pursuant to subdivision b of section 43, before his membership in the former system had terminated by the lapse of five years (§ 340, subd f, par 1). Petitioner's bald denial of the receipt of the letter of February 13, 1975, informing him of his right to transfer, is insufficient to overcome the presumption of its receipt (*Nassau Ins. Co. v Murray,* 46 NY2d 828, 829-830) or to affect the rationality of the Comptroller's determination (cf. *Matter of Gonzalez [Ross],* 47 NY2d 922).

Petitioner's additional claim that section 446 provides an independent basis for his obtaining credit for his prior police service is likewise untenable. This argument was not raised at the administrative level (see *Matter of Nutt v New York State Employees' Retirement System,* 72 AD2d 898, 900). Even if subdivision b of this section (as amd by L 1974, ch 510, § 21) were considered, it would not aid petitioner's claim, for it provides that credit for service which predates the date of entry into the retirement system "may be granted * * * if such service is *otherwise creditable*" (emphasis added). Section 41 (subd b, par 6) provides that "[n]o credit shall be allowed for service if, but for the member's failure to avail himself of the privilege of transfer within the time and in the manner provided in section forty-three of this article, credit for such service could have been obtained upon transfer from another retirement system pursuant to such section". Under this section, petitioner's prior police department service is not "otherwise creditable" and, thus, cannot be allowed under subdivision b of section 446.

Petitioner's further claims of procedural defects and estoppel have been considered and found to be without substance. The Comptroller's determination should, therefore, be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.