■ In the Matter of MELVIN W. WINTON, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which denied petitioner's application for State retirement service credit for the period of January 17, 1969 to January 16, 1970.

Petitioner was employed as a New York City Police Officer from January 17, 1969 to January 16, 1970 and was a member of the New York City Police Pension Fund. On June 11, 1970, petitioner obtained employment .with the State of New York as a prison guard at Green Haven Correctional Facility and joined the New York State Employees' Retirement System. Admittedly, petitioner himself never directly applied to the New York City Police Pension Fund to transfer his retirement credit to the State Retirement System, as he was required to do pursuant to Retirement and Social Security Law § 43 (b) before his membership in the former system terminated by the lapse of five years *(see,* Administrative Code of the City of New York § B18-37.0 [1]). In this regard, petitioner contends that he was led to believe from 1973, by certain unnamed administrative employees of the State, that the transfer of his retirement credits from the Police Pension Fund would be effectuated by the State itself.

Respondent offered testimony at the administrative hearing, through an Assistant Director of Membership Services, that petitioner was notified by letter dated July 24, 1970 that if he was a member of a prior retirement system, he should notify that other system concerning his transfer of retirement credits to the State Retirement System. Petitioner testified that he never received the letter, which was sent to his New York City address, presumably because he had moved to Dutchess County two or three weeks after his application of June 13, 1970 to join the State Retirement System. At a subsequent

hearing held on April 12, 1983, however, petitioner stated that he did not move from New York City until four or five months after commencing work with the State on June 11, 1970. Petitioner did admit that he failed to notify the State Retirement System of his change of address to Dutchess County.

After a hearing, petitioner was administratively denied his requested transfer credit upon a finding that he never notified the Police Pension Fund as mandated by Retirement and Social Security Law § 41 (b) (6) and § 43 (b) and that his claim of estoppel did not lie against the State. Petitioner challenges that determination in this CPLR article 78 proceeding.

In our opinion, the determination is rational and supported by substantial evidence in the record *(see, Matter of Allan v New York State Employees' Retirement System,* 106 AD2d 765). Petitioner's claim of estoppel must also be rejected *(Matter of Newcomb v New York State Teachers' Retirement Sys.,* 43 AD2d 353, 356, *affd* 36 NY2d 953). The determination should, therefore, be confirmed.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.