■ MARILYN GOODMAN, Appellant, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents.— Weiss, J. Appeals (1) from a judgment of the Supreme Court (Hughes, J.), entered February 2, 1988 in Albany County, which converted plaintiff's declaratory judgment action into a proceeding pursuant to CPLR article 78 and granted defendants' motion to dismiss the petition as time barred, and (2) from an order of said court, entered June 20, 1988 in Albany County, which denied plaintiff's motion for reargument or renewal.

Plaintiff commenced work as a part-time senior occupational therapist at Letchworth Village Developmental Center in Rockland County on May 20, 1976. She avers that on the first or second day of employment a personnel staff member advised her that she was not qualified for membership in defendant New York State Employees' Retirement System because eligibility was limited to full-time employees. Thereafter, Joseph Ferlauto, Director of Member Services for the Retirement System, wrote to plaintiff on June 2, 1976, July 13, 1976 and August 27, 1976 enclosing an application for membership to be completed, signed and returned as soon as possible. Plaintiff maintains that she never received this correspondence. On October 21, 1976, Joseph Anginoli, Senior

Personnel Administrator at Letchworth, discovered that plaintiff had not submitted a membership application. That same day, he forwarded plaintiff's application to the Retirement System, requesting that she be enrolled retroactively as of May 20, 1976 due to a clerical error in not forwarding her application at the time of her appointment. By reply letter dated November 8, 1976, Ferlauto advised Anginoli that plaintiff's membership became effective upon receipt of her application, October 22, 1976, and could not be made retroactive. A copy was ostensibly forwarded to plaintiff which she denied ever receiving. As a result, plaintiff was enrolled in the Retirement System in what is commonly referred to as Tier III, a new membership classification implemented on July 27, 1976 (see, Retirement and Social Security Law art 14; *Civil Serv. Employees Assn. v Regan,* 71 NY2d 653). Had plaintiff applied for membership on May 20, 1976, the date of her appointment, she would have qualified for Tier II membership (see, Retirement and Social Security Law art 11). This is a distinction with a difference, for Tier III members receive lower benefits and are required to pay 3% of their salary to the Retirement System.

On October 17, 1987, 11 years later, plaintiff commenced this action for a judgment declaring that her placement in Tier III impaired her constitutionally protected right to retirement benefits, and directing her placement in Tier II together with the appropriate ancillary relief. Defendants' motion to convert the action into a CPLR article 78 proceeding and for dismissal as both untimely and for failure to exhaust administrative remedies was granted. Plaintiff's motion to reargue or renew was denied and she has appealed from both the judgment converting her action to the article 78 proceeding and its dismissal, as well as the order denying reargument or renewal.

Plaintiff's thesis is that her placement in Tier III was unauthorized because she began work prior to July 1, 1976. By registering her in Tier III, defendants ostensibly diminished her rights to retirement benefits under Tier II in violation of NY Constitution, article V, § 7. On this constitutional premise, plaintiff reasons that Supreme Court improperly converted her claim into an article 78 proceeding, governed by the minimal four-month Statute of Limitations (CPLR 217). We disagree. Regardless of how plaintiff characterizes her claim, it is evident that her challenge is directed at defendant Comptroller's assessment of her appropriate membership date, not the constitutionality of the governing statutes. The exclu-

sive means to review a Comptroller's determination is through an article 78 proceeding *(see,* Retirement and Social Security Law § 74 [d]; *Lade v Levitt,* 33 AD2d 956, 957, *appeal dismissed* 27 NY2d 532). As such, the specific four-month limitations period for article 78 proceedings governs the instant action *(see, Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 202). This action, commenced 11 years after the challenged determination, was properly dismissed as untimely.

Nor are we persuaded by plaintiff's assertion that she never received adequate notice of her membership determination so as to trigger the applicable four-month Statute of Limitations *(see, Matter of Edelman v Axelrod,* 111 AD2d 468, 469). As indicated, plaintiff claims that she never received any of Ferlauto's correspondence, including the November 8, 1976 letter fixing her membership status at October 22, 1976. The record confirms, however, that the letter was correctly addressed. Given the presumption that a letter properly mailed was received *(see, Matter of Allan v New York State Employees' Retirement Sys.,* 106 AD2d 765), it is difficult to accredit her claim of nonreceipt. In any event, the 3% salary deduction from each paycheck clearly should have alerted her to the Tier III classification. Certainly, the Comptroller's determination became final and binding years in advance of the present action.

Finally, there is no basis to plaintiff's estoppel argument premised on the mistaken advice initially given to her by the Letchworth personnel staff member. The Comptroller may not be compelled to grant retirement benefits not authorized by law *(see, Matter of Baker v Regan,* 114 AD2d 187, 192, *affd* 68 NY2d 335; *Matter of Burns v Regan,* 87 AD2d 944, 946, *appeal dismissed* 57 NY2d 954). Since a public employee's benefit rights are fixed at the point in time the employee becomes a member of the Retirement System, and not with the commencement of employment, plaintiff was not legally entitled to Tier II status *(see, Civil Serv. Employees Assn. v Regan,* 71 NY2d 653, 658, *supra).*

Given the foregoing, Supreme Court also properly denied plaintiff's motion for reargument and renewal *(see, Matter of Jones v Marcy,* 135 AD2d 887).

Judgment and order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.