◼ In the Matter of MICHAEL LIMONGELLI, Respondent, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Appellants.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered February 28, 1990 in

Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondents denying petitioner's request for a redetermination of his retirement status.

Petitioner was employed by the Old Brookville Police Department in Nassau County from June 1957 until January 1978, when he commenced employment with the Town of Hempstead. As a member of respondent State Policemen's and Firemen's Retirement System (hereinafter PFRS), petitioner had the option, upon accepting employment with the Town, of transferring his PFRS membership to respondent State Employees' Retirement System (hereinafter SERS) or retaining his PFRS membership and have all but the annuity portion of his PFRS pension held in abeyance during his employment with the Town (see, Retirement and Social Security Law § 40 [c] [9]). The latter choice required petitioner, who was then 43 years old, to opt for "retired status" in the PFRS, which allowed him to receive his PFRS pension immediately after his employment with the Town ended regardless of his age. Petitioner subsequently undertook to officially retire under the PFRS and began to receive the annuity portion of his PFRS pension. Had petitioner not chosen retirement status but instead transferred his PFRS membership to SERS, he would have been ineligible to receive his pension until he reached age 55.

Petitioner subsequently worked for the Town until December 1987. Petitioner then obtained employment with a local school district in May 1988 and worked there until January 1989. At that time, petitioner allegedly was advised by his accountant that had he chosen to transfer his PFRS membership to the SERS, his pension would be $10,000 greater than the combination of the two individual pensions he would presently receive. Petitioner sought to have the PFRS membership transferred retroactively, claiming he was never given that option and that "the Retirement System informed me [in 1978] that I should officially retire from the police". Respondent Comptroller responded that there was no evidence that petitioner was misinformed of his options at the time of his retirement in 1978 and that respondents lacked the authority to alter his current status.

Petitioner then commenced this CPLR article 78 proceeding to alter his current status in both the PFRS and the SERS and combine the two on the ground that respondents' misinformation and misdirection rendered their determination arbitrary and capricious. Supreme Court granted the petition,

finding that respondents failed to recommend to petitioner that he transfer his PFRS membership to the SERS and that such failure to so advise was arbitrary and improper. This appeal by respondents followed.

We reverse. Although the record contains nothing other than petitioner's affidavit to indicate that he was misadvised by respondents to select retired status in the PFRS in 1978, we find that even given such misinformation, respondents are not estopped from denying petitioner's request to retroactively transfer his PFRS membership to the SERS. "[E]stoppel is not available against a governmental agency in the exercise of its governmental functions" *(Matter of Daleview Nursing Home v Axelrod,* 62 NY2d 30, 33). Furthermore, respondents may not be estopped by the erroneous acts of their administrative employees *(see, Matter of Galanthay v New York State Teachers' Retirement Sys.,* 50 NY2d 984, 986; *Matter of Newcomb v New York State Teachers' Retirement Sys.,* 43 AD2d 353, 356, *affd* 36 NY2d 953). Petitioner was required by statute to give notice of his intent to transfer his PFRS membership to the SERS prior to retirement and withdrawal from the PFRS *(see,* Retirement and Social Security Law § 43 [b]; *Matter of Winton v Regan,* 114 AD2d 647, 647-648). He failed to do so and respondents may not be compelled to do so retroactively *(see, Goodman v Regan,* 151 AD2d 958, 960). Accordingly, petitioner's claim of estoppel must be rejected and respondents' determination confirmed as rational and proper under the circumstances *(see, Matter of Winton v Regan, supra).*

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Mahoney, P. J., Mikoll, Levine, Crew III and Harvey, JJ., concur.