■ In the Matter of Paul Lewandowski, Petitioner, v New York State and Local Police and Fire Retirement System, Respondent. [893 NYS2d 325]—

---

Rose, J.

Petitioner sustained a disabling injury while working as a firefighter. He and his employer then agreed that he would retire within 30 days and, for doing so, the employer would supplement his retirement benefits until he was 70 years of age. Allegedly as the result of advice provided by respondent's employees, petitioner filed paperwork simultaneously requesting withdrawal from the 20-year retirement plan provided by Retirement and Social Security Law § 384-d and the additional pension benefit provided by Retirement and Social Security Law § 384-e, in which he had been enrolled, and applying instead for retirement under Retirement and Social Security Law § 375-i. Petitioner later realized that retirement under the section 384-e plan would be more beneficial and sought to cancel his withdrawal from that plan. Respondent denied his application. After a hearing, and despite the Hearing Officer's decision that petitioner be permitted to cancel his withdrawal, the Comptroller determined that, having validly withdrawn from the special retirement plans, petitioner did not have the option under the applicable statutes to rejoin them. Petitioner then commenced this proceeding pursuant to CPLR article 78.

The Comptroller has exclusive authority to determine all applications for retirement benefits (*see* Retirement and Social Security Law § 74 [b]; *Matter of Morgan v Hevesi*, 46 AD3d 1007, 1007 [2007], *lv denied* 11 NY3d 701 [2008]). His interpretation of the statute must be upheld if it is not unreasonable, and his determination will be upheld if the underlying factual findings are supported by substantial evidence (*see Matter of Schwartz v McCall*, 300 AD2d 887, 888 [2002]; *Matter of Cassidy v Regan*, 160 AD2d 1210, 1211 [1990]). Here, the applicable retirement statutes describe the time within which an eligible member of respondent must elect to join the optional retirement plan, how a member may withdraw such an election, the benefits of the basic 20-year retirement plan and the further benefit accruing where members have more than 20 years of service (*see* Retirement and Social Security Law § 384-d [a], [b], [e]; § 384-e [b]). As the Comptroller noted, these statutes make no provision for a member to rejoin the 20-year plan after withdrawal, and petitioner did not rejoin within the time periods specified for

joining. Inasmuch as the statute's silence on this issue of rejoining is an indication that it was purposely omitted by the Legislature (see McKinney's Cons Laws of NY, Book 1, Statutes § 74; *Matter of Robert Bruce McLane Assoc. v Urbach*, 232 AD2d 826, 828 [1996]), the Comptroller's view that rejoining the special retirement plan is unauthorized was not irrational, unreasonable or contrary to the statutory language (see *Matter of Sush v New York State Teachers' Retirement Sys.*, 2 AD3d 1127, 1128 [2003]; *Matter of Keller v Regan*, 212 AD2d 856, 858 [1995]; *Matter of Whitehill v New York State Teachers' Retirement Sys.*, 142 AD2d 902, 904 [1988], *affd* 73 NY2d 944 [1989]).

Given the undisputed facts regarding petitioner's withdrawal and attempt to rejoin, respondent's determination is also supported by substantial evidence in the record. Although petitioner contends that respondent is estopped from denying his application to cancel his withdrawal because his withdrawal was the result of erroneous advice received from respondent's representatives, the record includes conflicting evidence as to what advice actually was given to petitioner. Although the Hearing Officer credited petitioner's recollection of that advice, the Comptroller is not bound by the Hearing Officer's findings (see *Matter of Wilson v DiNapoli*, 52 AD3d 931, 933 [2008]). In any event, even if the advice given by respondent's administrative employees was erroneous, it would not give rise to an estoppel here (see *Matter of Limongelli v New York State Employees' Retirement Sys.*, 173 AD2d 904, 906 [1991]).

Spain, J.P., Malone Jr., McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.