■ In the Matter of NOACH DEAR, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEM, Respondent. [982 NYS2d 604]—

Peters, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for a refund of certain retirement contributions.

In 1977, petitioner became a member of the New York City Employees' Retirement System (hereinafter NYCERS) in connection with his employment with the City of New York, and his NYCERS membership remained active thereafter. In 2007, after petitioner was elected to a judgeship, he became qualified for membership in respondent, a separate retirement system servicing eligible state employees. Consequently, petitioner enrolled in respondent as a tier 4 member, effective January 1, 2008, after which, due to his non-vested status in that system,

3% of his salary was deducted from each of his paychecks pursuant to Retirement and Social Security Law § 21 (d) and (f) and § 613. Thereafter, on May 27, 2010, petitioner filed an application with NYCERS requesting that his active membership in that retirement system be transferred to respondent. Once that transfer was effectuated, petitioner was credited with over 10 years of service and the May 2010 date was deemed to be petitioner's "[c]essation date" as defined by Retirement and Social Security Law § 900 (f). Consequently, petitioner's membership with respondent was duly backdated to the date he originally joined NYCERS in 1977. This resulted in petitioner's status with respondent being changed to that of a tier 3 member and, because he was now credited with more than 10 years of eligible service, the 3% contribution from his salary was discontinued as of May 2010.

Subsequently, petitioner contacted respondent and requested a refund of the 3% contributions deducted from his salary after he became a member in January 2008. Respondent informed petitioner that it could not refund the contributions deducted from his salary prior to May 2010 because, pursuant to Retirement and Social Security Law § 902 (b) (2), it is barred from refunding contributions made prior to a member's cessation date. Petitioner timely requested a hearing challenging that denial, after which the Hearing Officer concluded that petitioner failed to meet his burden of establishing that he was entitled to a refund of contributions deducted from his salary for the period between January 2008 and May 2010. The Comptroller made one supplemental finding of fact, but otherwise adopted the Hearing Officer's determination.* This CPLR article 78 proceeding followed.

Petitioner does not assert that respondent misinterpreted the applicable statutory provisions. He maintains, however, that respondent and the Comptroller should be equitably estopped from asserting that his cessation date is in May 2010, rather than on January 1, 2008, the date his application with respondent was deemed effective. According to petitioner, the Comptroller breached his fiduciary duty by providing misinformation

---

* The Comptroller specifically noted that petitioner alleged that it was a representative of his employer, the Office of Court Administration, who initially failed to inform him that, because he was still an active member of NYCERS, a formal transfer request delivered to NYCERS was necessary to move his service to respondent. Although petitioner was provided materials that included the appropriate information regarding the transfer of membership credit, he indicated that he did not realize this information applied to his situation based upon his receipt of misinformation regarding his membership status that was not properly explained to him.

regarding the requirements to transfer his membership in NYCERS to respondent, thus causing him to obtain a later cessation date and suffer financially as a result.

Even accepting petitioner's contention that the advice given to him regarding the transfer of his NYCERS pension credit by, among others, respondent's employees was inaccurate, confusing and/or incomplete, it is well settled that "[e]stoppel is not available against a governmental agency in the exercise of its governmental functions" and "respondent[ ] may not be estopped by the erroneous acts of [its] administrative employees" (*Matter of Limongelli v New York State Employees' Retirement Sys.*, 173 AD2d 904, 906 [1991] [internal quotation marks and citation omitted]; *see Matter of Lewandowski v New York State & Local Police & Fire Retirement Sys.*, 69 AD3d 1027, 1029 [2010]). Thus, while one of respondent's employees did acknowledge at the hearing that more could have been done to properly advise petitioner as to the actions he was required to take to transfer his NYCERS pension credit, the fact remains that these required steps were not completed prior to May 2010 and respondent was precluded under the relevant statutes from imposing an earlier cessation date. Consequently, estoppel does not apply herein and we find no basis to otherwise disturb the Comptroller's determination (*see Matter of Price v New York State & Local Employees' Retirement Sys.*, 107 AD3d 1212, 1215-1216 [2013]; *Matter of Limongelli v New York State Employees' Retirement Sys.*, 173 AD2d at 906).

Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.