Rose, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner’s application for disability retirement benefits.
Petitioner joined respondent New York State and Local Retirement System in 1983 and accepted an incentive for early retirement in 2010, with an effective date of retirement of May 31, 2010. In January 2012, he filed for disability retirement benefits, asserting that no one at his place of work or the Retirement System informed him about the possible availability of disability pension benefits when he filed for service retirement. Following a hearing, the Hearing Officer concluded that petitioner’s application for disability retirement benefits was not timely filed. The Comptroller adopted the findings and conclusions of the Hearing Officer, prompting this CPLR article 78 proceeding.
“The Comptroller has exclusive authority to determine all applications for retirement benefits. His interpretation of the [retirement] statute [s] must be upheld if it is not unreasonable, and his determination will be upheld if the underlying factual findings are supported by substantial evidence” (Matter of Lewandowski v New York State & Local Police & Fire Retirement Sys., 69 AD3d 1027, 1028 [2010] [citations omitted]; see Matter of Price v New York State & Local Employees’ Retirement Sys., 107 AD3d 1212, 1214 [2013]). As relevant here, an application for disability retirement benefits pursuant to Retirement and Social Security Law article 15 must be filed “within three months from the last date the member was being paid on the payroll” (Retirement and Social Security Law § 605 [b] [2]). Inasmuch as it is undisputed that petitioner’s application for disability benefits was filed over IV2 years after his removal from the payroll on May 31, 2010, substantial evidence supports the determination that his application was untimely (see Matter of Parish v DiNapoli, 89 AD3d 1315, 1315-1316 [2011]).
Although petitioner argues that the application should be deemed timely — or the Retirement System should be estopped from finding it untimely — because the Retirement System *1089 failed to provide him with a summary plan description in accordance with Retirement and Social Security Law § 153 (3), we cannot agree. As the Comptroller determined, Retirement and Social Security Law § 155 dictates that the failure to provide the plan did not “create, revive, extend, or otherwise affect the entitlement of a member, retired member, or a beneficiary to any retirement benefit.” Moreover, even if the Retirement System provided petitioner with incomplete or inaccurate information, “[t]he doctrine of estoppel will not provide eligibility where by statute a person clearly does not qualify” (Matter of Price v New York State & Local Employees’ Retirement Sys., 107 AD3d at 1216 [internal quotation marks and citation omitted]; see Matter of Dear v New York State & Local Retirement Sys., 115 AD3d 1141, 1142-1143 [2014], lv denied 23 NY3d 905 [2014]; see also Matter of Lewandowski v New York State & Local Police & Fire Retirement Sys., 69 AD3d at 1029).
Petitioner’s remaining arguments have been considered and found to be lacking in merit.
McCarthy, J.P., Egan Jr. and Devine, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.