Peters, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner’s application for Retirement and Social Security Law article 15 service retirement benefits.
In 2008, petitioner retired from his position as a correction officer and began collecting service retirement benefits pursuant to Retirement and Social Security Law article 14. In 2012, petitioner requested that he be granted service retirement benefits pursuant to Retirement and Social Security Law article 15, citing other correction officers who had been granted service retirement under article 15. Following a hearing, the Hearing Officer concluded that petitioner was not eligible for article 15 service retirement benefits. The Comptroller adopted that decision, with a supplemental conclusion of law, and denied the request for article 15 retirement benefits. This CPLR article 78 proceeding ensued.
We confirm. “The Comptroller has exclusive authority to determine all applications for retirement benefits and the determination must be upheld if [the] interpretation of the controlling retirement statute is reasonable and the underlying factual findings are supported by substantial evidence” (Matter of O’Brien v DiNapoli, 116 AD3d 1124, 1125 [2014], lv granted 23 NY3d 908 [2014] [internal quotation marks and citation omitted]; see Matter of Lewandowski v New York State & Local Police & Fire Retirement Sys., 69 AD3d 1027, 1028 [2010]). Pursuant to Retirement and Social Security Law § 600 (a) (2) (a), “[m]embers in the uniformed personnel in institutions under the jurisdiction of the [Department of [C]orrections and [C]ommunity [Supervision of New York [S]tate” are excluded from Retirement and Social Security Law article 15 benefits. *1318 Here, a representative from the New York State and Local Employees’ Retirement System testified that retirement benefits are based upon an applicant’s job title at the time of retirement, and petitioner admittedly retired as a correction officer. Although petitioner argues that the denial of his request for article 15 service retirement benefits was irrational based upon the fact that other correction officers were granted such benefits, the record reflects that those officers transferred to civilian job titles prior to retirement. In our view, the Comptroller’s determination that petitioner was ineligible for article 15 service retirement benefits is consistent with the applicable statutory provision and supported by substantial evidence. Therefore, it will not be disturbed (see Matter of Price v New York State & Local Employees’ Retirement Sys., 107 AD3d 1212, 1214 [2013]; Matter of Lewandowski v New York State & Local Police & Fire Retirement Sys., 69 AD3d at 1028-1029). Petitioner’s remaining claims have been considered and found to be without merit.
Lahtinen, McCarthy and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.