■ In the Matter of WALTER L. J. GASS, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller denying petitioner's application for accidental disability retirement. Petitioner, an Industrial Training Supervisor (Woodworking) at the Eastern New York Correctional Facility, seeks accidental disability retirement for a disability which resulted from exposure to urea formaldehyde resin glue. The glue is used to bind layers of plywood together. Beginning in late January, 1980, inmates working in the shop where petitioner was employed were sanding plywood. The dust created by this activity caused petitioner to break out in hive-like swellings over his entire body. Exposure to the dust over the next several months, during which time petitioner was attempting to determine the source of his ailment, rendered petitioner unable to continue working. The Comptroller concluded that the events which led to petitioner's contracting urea formaldehyde poisoning were not an "accident" and, therefore, denied petitioner accidental disability retirement. This decision was challenged and a hearing was requested. The hearing officer agreed with the Comptroller's finding of no "accident". We confirm. When the incident causing the injury occurs during the performance of the employee's regular duties and involves a risk which is inherent in the employment itself, no "accident" has occurred within the meaning of section 363 of the Retirement and Social Security Law (*Matter of Cavaretta v Regan,* 86 AD2d 706; *Matter of Covel v New York State Employees' Retirement System,* 84 AD2d 902, mot for lv to app den 55 NY2d 606). Though petitioner had apparently never before come in

contact with the offending glue, such glue is often used in making plywood; it was, therefore, not extraordinary or unexpected that a woodworking shop supervisor would be subjected to the glue in the performance of his usual tasks. The determination that no accident took place, being a rational one, must be respected given the Comptroller's quite considerable authority in determining whether an occurrence amounts to an "accident" (*Matter of Janelli v Regan,* 92 AD2d 966; *Matter of Berbenich v Regan,* 81 AD2d 732, affd 54 NY2d 792). Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.