■ In the Matter of AUDREY A. FOOTE, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for ordinary and accidental disability retirement benefits. ¶ Petitioner, a senior laundress employed at the St. Lawrence Psychiatric Center, sustained injuries on three separate occasions during the course of her employment for which she later sought disability retirement benefits. The first incident occurred on May 24, 1977 when petitioner complained about pain in her arm while operating a flat-work ironer. The second incident occurred on June 28, 1978 when petitioner complained about pain in her back while loading laundry into a dryer. The final incident occurred on April 11, 1979 when petitioner complained about pain emanating from her shoulder during the course of attempting to pull entangled sheets from a box. Petitioner never returned to work after the last incident. Her employment was terminated on April 12, 1980 because she had been continuously absent from work for more than one year. ¶ Five months later, in September of 1980, she applied for, but was denied, accidental and ordinary disability retirement benefits on findings that (1) her injuries were not accidental in nature within the meaning of section 63 of the Retirement and Social Security Law and (2) she was ineligible for ordinary disability benefits because she was not "actually in service" at the time of the filing of her claim as defined by section 62 of the Retirement and Social Security Law. ¶ Thereafter, petitioner was reinstated at the St. Lawrence Psychiatric Center on February 19, 1981 and, at the same time, placed on sick leave without pay. On May 20, 1981, claiming in-service status, petitioner again applied for ordinary disability benefits. Her application was again disapproved on a finding that she was not actually in-service. ¶ Petitioner demanded a hearing pursuant to sections 62 and 63 of the Retirement and Social Security Law for redetermination of her applications for accidental and ordinary disability retirement. Following the hearing, petitioner's applications were denied for the same reasons initially given. The hearing officer's decision was affirmed by the Comptroller. Petitioner then commenced this proceeding challenging that determination. ¶ No legal reason exists for us to disagree with the Comptroller's finding that petitioner's injuries were not accidental within the meaning of the statute. When the incident causing the injury occurs during the performance of an employee's regular duties and involves a risk which is inherent in the employment itself, no "accident" has occurred within the meaning of section 63 of the Retirement and Social Security Law (*Matter of Gass v Regan,* 95 AD2d 894). In this instance, it would appear that petitioner's injuries were primarily due to her peculiar physical condition, which made her susceptible to injury while lifting. Because her regular duties involved lifting, her injuries cannot be attributable to accidental causes. ¶ We also reject petitioner's argument that she was "actually in service" at the time of her application for ordinary disability benefits. Petitioner was not in service at the

time of her first application, her employment having been terminated five months earlier. Nor is there substantial evidence establishing that she was actually in service at the time of her second application. The record establishes that at the time of her reinstatement, there was no expectation on her part or on the part of the psychiatric center that she would ever be in a position to return to work. No evidence was submitted to warrant the psychiatric center's granting her reinstatement and sick leave without pay. We find that the Comptroller, upon substantial evidence, had a rational basis for concluding that the reinstatement was a fallacious gesture on the part of the psychiatric center to accommodate petitioner in her efforts to obtain ordinary disability retirement benefits (*Matter of Purdy v Kreisberg,* 47 NY2d 354, 358; *Matter of Foss v Regan,* 88 AD2d 1005, mot for lv to app dsmd 58 NY2d 747). Accordingly, her second application was properly denied. ¶ Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Harvey, JJ., concur.