■ In the Matter of SHARON L. WASHER, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEMS et al., Respondents. [607 NYS2d 479] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner contends that she worked as an assistant planner for Oswego County from 1972 until May 15, 1989, at which time she left her job as a result of a claimed accident from exposure to toxic chemicals at her place of employment. The record indicates that petitioner's duties included making

maps, working with photographic enlargements and graphics work, and that while performing these duties she was exposed to various chemicals. She claimed feelings of tiredness, poor coordination and diminished cognitive ability. In March 1989, new carpeting was installed in petitioner's workplace. Several weeks after the installation, her symptoms worsened to include breathing difficulties and depression. As a result, she left her job on May 15, 1989 and subsequently applied for accidental disability retirement benefits.

Petitioner argues that she suffered an accidental injury within the meaning of Retirement and Social Security Law § 63 and that respondent Comptroller's determination that said exposure was not an accident is erroneous as a matter of law. The term accident, although not defined in Retirement and Social Security Law § 63, has been held to mean a sudden, fortuitous mischance which is unexpected and out of the ordinary *(see, Lichtenstein v Board of Trustees of Police Pension Fund,* 57 NY2d 1010), to be distinguished from injuries sustained while performing routine duties and not resulting from an unexpected event *(see, Matter of Malenda v Regan,* 134 AD2d 808; *Matter of Finnegan v Regan,* 116 AD2d 878). As this Court stated in *Matter of Gass v Regan* (95 AD2d 894), a case involving claimed urea formaldehyde poisoning, when the incident causing the injury occurs during the performance of the employee's regular duties and involves a risk inherent in the employment itself, no "accident" has occurred *(see, Matter of Janelli v Regan,* 92 AD2d 966).

Because petitioner was exposed to various chemicals while performing her regular duties prior to March 1989 and continuing through May 15, 1989, it cannot be said that this exposure was unusual and not a risk inherent in her regular duties. It is well established that the Comptroller is vested with exclusive authority to determine applications for retirement benefits, and when his determination is supported by substantial evidence it must be upheld *(Matter of Foresta v New York State Policemen's & Firemen's Retirement Sys.,* 95 AD2d 893). We find that the Comptroller's determination that petitioner did not suffer an accident is supported by substantial evidence and must be upheld.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.