■ In the Matter of ARLENE RAKOWSKI, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEMS et al., Respondents. [625 NYS2d 744] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner was employed as a clerk for the State Department of Labor from 1975 to April 1991. On or about July 3, 1991, petitioner filed an application for accidental disability retirement benefits contending that she was disabled due to the inhalation of unknown fumes and chemicals at her place of employment on various dates between April 1990 and April 1991. Following a hearing, respondent Comptroller determined that petitioner had not suffered an accidental injury within the meaning of Retirement and Social Security Law § 63 and denied her application for benefits. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking review of that determination.

It is well settled that the Comptroller is vested with exclusive authority to determine applications for retirement benefits and where, as here, such determination is supported by substantial evidence in the record, it must be upheld *(see, e.g., Matter of Washer v New York State & Local Retirement Sys.,* 201 AD2d 777, 778). Although the term "accident" is not defined in Retirement and Social Security Law § 63, it has come to mean a sudden, fortuitous mischance which is out of the ordinary and unexpected *(see, Matter of Lichtenstein v*

*Board of Trustees,* 57 NY2d 1010, 1012). Here, the Comptroller determined that petitioner's exposure to, *inter alia,* mold and cleaning solutions used by the maintenance staff in the building in which petitioner worked over an extended period of time did not constitute a sudden, fortuitous mischance and, hence, could not qualify as an accident. As a review of the record plainly reveals that the exacerbation of petitioner's preexisting allergies occurred over a prolonged period of time, we are of the view that the Comptroller's determination that petitioner did not suffer an accident is supported by substantial evidence. Petitioner's remaining arguments have been examined and found to be lacking in merit.

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.