■ In the Matter of ALENA WHEELER, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [649 NYS2d 739] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of re-

spondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner worked as the Chief Clerk for the Rome City Court from 1978 until 1993. She left her job in 1993 as the result of health problems attributable to the poor air quality in the building in which she worked. Respondent denied her application for accidental disability retirement benefits on the basis that petitioner failed to demonstrate that the event causing her disability constituted an accident within the meaning of Retirement and Social Security Law § 63. Petitioner argues that respondent's determination is not supported by substantial evidence. Based upon our review of the record, we disagree.

Petitioner testified that when she arrived at work on February 4, 1991, she passed out. She stated that prior to that date, she had experienced light-headedness, dizziness, headaches and lack of coordination while at work. After February 4, 1991, the court facilities were moved to another building until renovations to the existing building were completed and a new ventilation system installed. Petitioner stated that when she returned to the newly renovated building in August 1992, she again began to experience the same symptoms she had experienced previously leading her to leave her job in April of 1993.

The parties concede that petitioner was exposed to an indoor air pollution problem over an extended period of time which caused her to develop health problems. The only issue is whether this circumstance constitutes an accident within the meaning of Retirement and Social Security Law § 63. In view of our decision in *Matter of Rakowski v New York State & Local Retirement Sys.* (215 AD2d 802, *lv denied* 86 NY2d 706), we conclude that petitioner's exposure to the indoor air pollution problem was not a "sudden, fortuitous mischance which is out of the ordinary and unexpected" as is necessary to be an accident within the meaning of Retirement and Social Security Law § 63 (*supra*, at 802). While petitioner asserts that it is the event of February 4, 1991 which constitutes the accident, there is no evidence in the record of a specific occurrence in the building which caused petitioner to become particularly ill on that date. Consequently, we find that respondent's determination is supported by substantial evidence.

Mikoll, J. P., Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.