■ In the Matter of BARRY JONES, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES RETIREMENT SYSTEM, Respondent. [666 NYS2d 342] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the

Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for ordinary and accidental disability retirement benefits.

Petitioner was employed as a registered nurse with Rome City Hospital in Oneida County from June 1975 to November 1991.* In March 1992, petitioner filed applications for ordinary and accidental disability retirement benefits contending that he was disabled due to the inhalation of noxious fumes from the hospital's incinerator on March 11, 1989. The respective applications subsequently were disapproved and petitioner requested a hearing. At the conclusion of the hearing that followed, at which petitioner and two of his co-workers appeared and testified, respondent denied petitioner's application for ordinary disability retirement benefits upon the ground that it was not timely filed. Respondent also denied petitioner's application for accidental disability retirement benefits upon the ground that petitioner had not suffered an accidental injury within the meaning of Retirement and Social Security Law § 63. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking review of respondent's determination.

Initially, we reject petitioner's contention that respondent erred in denying his application for ordinary disability retirement benefits. Pursuant to Retirement and Social Security Law § 62 (aa) (2), a member filing an application for ordinary disability retirement benefits must, at the time of filing, "[a]ctually be in service * * * or, have been discontinued from service, either voluntarily or involuntarily, for not more than ninety days". Petitioner does not dispute that he was terminated from his employment effective September 3, 1991 and, hence, his March 1992 application for benefits plainly was filed beyond the applicable 90-day period (*see generally*, *Matter of Smith v New York State & Local Retirement Sys.*, 199 AD2d 763, 764). Petitioner's remaining arguments on this point, including his assertion that respondent should be estopped from asserting a timeliness defense, have been examined and found to be lacking in merit.

With respect to petitioner's application for accidental disability retirement benefits, the record as a whole supports respondent's finding that petitioner did not sustain an accidental injury within the meaning of Retirement and Social Security Law § 63. Although the term "accident" is not

* Although petitioner remained on the hospital's payroll until this time, he last worked on August 6, 1990 and thereafter received a notice of termination from the hospital effective September 3, 1991.

expressly defined by the statute, it has come to mean a " 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees*, 57 NY2d 1010, 1012, quoting *Johnson Corp. v Indemnity Ins. Co.*, 6 AD2d 97, 100, *affd* 7 NY2d 222). Here, petitioner testified that noxious odors had been emanating from the incinerator for a number of years prior to March 1989 and that he had been exposed to such fumes on multiple occasions. Similarly, both of petitioner's co-workers testified that repeated complaints had been lodged regarding fumes from the incinerator beginning in the mid-1980s, and one of petitioner's co-workers testified that she noticed such odors and smells almost every night that she worked. In view of the uncontroverted proof that petitioner's exposure to such fumes occurred over a prolonged period of time, we conclude that respondent's determination that petitioner did not suffer an accident is supported by substantial evidence (*see, Matter of Rakowski v New York State & Local Retirement Sys.*, 215 AD2d 802, 803, *lv denied* 86 NY2d 706).

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.