[912 NE2d 551, 884 NYS2d 335]

In the Matter of PORT AUTHORITY POLICE BENEVOLENT ASSOCIA- TION, INC., et al., Appellants, v LAURA L. ANGLIN, as Deputy Comptroller of the State of New York, et al., Respondents.

Argued June 2, 2009; decided June 24, 2009

**APPEARANCES OF COUNSEL**

*Tuttle Law Firm*, Latham (*James B. Tuttle* of counsel), for appellants.

*Andrew M. Cuomo, Attorney General*, Albany (*William E. Storrs, Barbara D. Underwood* and *Andrew D. Bing* of counsel), for respondents.

**OPINION OF THE COURT**

MEMORANDUM.

The judgment of the Appellate Division should be affirmed, with costs.

For a period of time after the events of September 11, 2001, petitioner, a member of the Port Authority Police Department of New York and New Jersey, was required to work 12-hour shifts and all vacation, regular days off, personal days, and compensatory time off were cancelled. Pursuant to the collective bargaining agreement, petitioner was paid time-and-a-half for all overtime hours and for all paid vacation days worked. Petitioner retired in 2003 and respondent New York State and Local Police and Fire Retirement System excluded from his final average salary a part of the payments made for working scheduled vacation days.

Petitioner filed the instant CPLR article 78 proceeding and upon transfer from Supreme Court, the Appellate Division confirmed the determination of the Deputy Comptroller* and dismissed the petition. The majority below found respondent's determinations to be rational as the excluded payments constituted payments for loss of time off from work rather than for "work in excess of [the employees'] regularly established hours of employment" (54 AD3d 495, 497 [2008]). The dissent below perceived no difference between payment for overtime work and that for working on paid vacation days (*id.* at 498 [Kavanagh, J., dissenting]).

The instant dispute is over the exclusion, in appellant's final average salary for the purpose of calculating retirement benefits under Retirement and Social Security Law §§ 302 and 431 and General Municipal Law § 90, of time-and-a-half payments arising from the first eight hours of work performed on a day that would have otherwise been a paid vacation day for appellant. General Municipal Law § 90 states that overtime compensation may be paid to public employees "for all time such [employees] are required to work *in excess of their regularly established hours of employment*" (emphasis added) and "[t]he amounts received as overtime compensation . . . shall be regarded as salary . . . for any of the purposes of any pension or retirement system." However, the Retirement and Social Security Law specifically excludes from the computation of retirement

---

* Under section 374 (b) of the Retirement and Social Security Law, "[t]he comptroller shall have exclusive authority to determine all applications for any form of retirement or benefit provided for in [the Policemen's and Firemen's Retirement System]," of which it is undisputed that the Port Authority police officers are a part.

benefits "lump sum payments for deferred compensation, sick leave, accumulated vacation or other credit for time not worked" (Retirement and Social Security Law § 431 [1]), "or any form of termination pay" (Retirement and Social Security Law § 302 [9] [d]).

Normally on a paid vacation day, petitioner receives eight hours of straight pay, included as a part of his salary, notwithstanding that petitioner does not have to work his regularly scheduled eight hours for that day. In addition to the above mentioned straight pay, when petitioner was required to work on a paid vacation day, he received time-and-a-half pay for the first eight hours and the same rate for any overtime. Respondent's exclusion of the first eight hours and inclusion of the last four hours of time-and-a-half pay are consistent with the plain language of General Municipal Law § 90 as the first eight hours of work on a paid vacation day do not constitute "work in excess of . . . regularly established hours of employment." Therefore, respondent correctly distinguished the disputed payments from those payments which were included in petitioner's final average salary (i.e., payments for working regular days off, four extra hours on scheduled work days, and four extra hours on vacation days worked) as the latter payments were for work outside of petitioner's regularly scheduled hours of employment while the former payments were for work within those hours (*see* General Municipal Law § 90).

*Matter of Hohensee v Regan* (138 AD2d 812 [3d Dept 1988]) and *Matter of Hoffman v New York State Policemen's & Firemen's Retirement Sys.* (142 AD2d 854 [3d Dept 1988]) are consistent with the result in this case. Periodic and lump-sum payments for working normal hours on vacation days were excluded from computation of retirement benefits in *Hohensee* and *Hoffman* because petitioners in those cases made a voluntary election to forgo vacation and work instead. In our view, petitioners Hohensee and Hoffman's excluded payments could not be considered includable "overtime" not only because working on vacation days was not "required" (i.e., mandatory) but also because the actual hours worked were within "regularly established hours of employment" rather than "in excess" of such hours (*see* General Municipal Law § 90).

In all these cases, inclusion of additional payments for working vacation days, whether compulsory or not, would amount to crediting the hours in a paid vacation day twice: once, because the eight hours of straight time as a part of the regular salary is

already included in final average salary for pension purposes, and again, because any additional payments for working those same hours would also be included. We, therefore, conclude that respondent's exclusion of the disputed payments avoids this anomalous result and is consistent with the Retirement and Social Security Law and General Municipal Law.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Judgment affirmed, with costs, in a memorandum.