Stein, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner’s application for reinstatement to tier 1 membership in the New York State and Local Employees’ Retirement System.
Petitioner was employed by the New York City Police Department from August 1966 until September 1972 and was a tier 1 member of the New York City Police Pension Fund. When he left that employment, he withdrew his contributions to the pension fund and terminated his membership therewith. In 1977, petitioner was hired by the Nassau County Sheriff’s Department and became a tier 3 member of the New York State and Local Employees’ Retirement System (hereinafter the Retirement System). After an inquiry from petitioner, he was permitted to purchase credit for his service years as a New York City police officer; however, his tier status was not changed.
In 1981, petitioner became an employee of the Amityville Police Department and transferred his membership from the Retirement System to the New York State and Local Police and Fire Retirement System. Pursuant to the rules of the Police and Fire Retirement System at that time, petitioner’s status was tier 2, and his effective date of membership was November 7, 1977, based upon his prior service as a New York City police officer. Petitioner’s renewed request that his status be changed to *1206 tier 1 based upon his prior employment with the New York City Police Department was denied, but he was given credit for his service years both in New York City and in Nassau County. In July 1986, petitioner retired as a tier 2 member and began receiving pension benefits.
Years later, petitioner again sought to restore his tier 1 status in the Retirement System and, in May 2010, his request was denied. After a hearing, a Hearing Officer determined that petitioner was not eligible for tier 1 status and, on administrative review, respondent adopted the Hearing Officer’s findings. Petitioner subsequently commenced this CPLR article 78 proceeding challenging respondent’s determination.
Respondent is vested with the exclusive authority to resolve applications for retirement benefits (see Retirement and Social Security Law § 374 [b]; Matter of Port Auth. Police Benevolent Assn., Inc. v Anglin, 12 NY3d 885, 886 n [2009]). In this regard, if respondent’s “application and interpretation of the relevant statutes [is] not ‘irrational, unreasonable or contrary to the statutory language,’ its determination will be upheld” (Matter of Price v New York State & Local Employees’ Retirement Sys., 107 AD3d 1212, 1214 [2013], quoting Matter of Lewandowski v New York State & Local Police & Fire Retirement Sys., 69 AD3d 1027, 1029 [2010]). Here, petitioner asserts his eligibility for tier 1 status based upon various provisions of the Retirement and Social Security Law, including section 645 (2), which provides, as relevant here, that “any person other than a retiree of a public retirement system, who previously was a member of a public retirement system” may be entitled to tier reinstatement when he or she ceased membership in the Retirement System by withdrawing all accumulated contributions and later rejoined the Retirement System (emphasis added). We agree with respondent’s determination that this provision is inapplicable to petitioner because it had not yet been enacted prior to petitioner’s retirement in 1986 and, when it was ultimately enacted in 1998 (L 1998, ch 640, § 1), the statute expressly excluded individuals who, like petitioner, were retirees of a public retirement system.
Although petitioner argues that, as a remedial statute (see Matter of Price v New York State & Local Employees’ Retirement Sys., 107 AD3d at 1215), it should be applied retroactively so as to permit tier restoration to an applicant, like himself, who met the statute’s requirements before retirement, the plain language of the statute dictates otherwise. In this regard, the statute expressly states that it is only “applicable to a person who is, [as of December 18, 1998], or who subsequent to such *1207 date becomes, a member of a public retirement system” (Retirement and Social Security Law § 645 [4]). Accordingly, respondent’s determination that Retirement and Social Security Law § 645 (2) did not apply to petitioner was neither irrational nor unreasonable (see Matter of Price v New York State & Local Employees’ Retirement Sys., 107 AD3d at 1214; Matter of Lewandowski v New York State & Local Police & Fire Retirement Sys., 69 AD3d at 1028-1029).
As an alternative argument, petitioner also claims eligibility for tier 1 status pursuant to Retirement and Social Security Law § 40 (f) (5).* Contrary to respondent’s contention, petitioner preserved this claim by raising it in his post-hearing memorandum (compare Matter of Britt v DiNapoli, 91 AD3d 1102, 1102 [2012]). Nonetheless, because the Hearing Officer neither referred to such argument nor addressed its merits, we are precluded from assessing whether respondent’s denial of petitioner’s application was rational and, accordingly, the determination must be annulled and the matter remitted (see Matter of Cohen v New York State & Local Employees’ Retirement Sys., 81 AD3d 1156, 1158 [2011]; Matter of Weinstein v McCall, 241 AD2d 744, 745 [1997]; cf. Matter of Searfoss v Anchor Glass Container Corp., 78 AD3d 1368, 1369 [2010]). Petitioner’s remaining contentions have been considered and are unavailing.
Peters, P.J., McCarthy and Spain, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court’s decision.

 In addition, petitioner claimed that he was entitled to tier 1 status pursuant to Retirement and Social Security Law §§ 43 and 343. However, inasmuch as petitioner has not addressed such claim in his brief to this Court, it is deemed abandoned (see Matter of Stimmer v DiNapoli, 98 AD3d 1216, 1216 n [2012]).