*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 11, 2015                520014
_____

In the Matter of TRACY DENSON,
                    Petitioner,

        v                            MEMORANDUM AND JUDGMENT

THOMAS DiNAPOLI, as Comptroller
    of the State of New York,
    et al.,
                    Respondents.
_____

Calendar Date:   April 27, 2015

Before:  McCarthy, J.P., Lynch, Devine and Clark, JJ.

                        _____


        Sheehan Greene Golderman & Jacques, Albany (Thomas D. Latin
of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondents.

                        _____


McCarthy, J.P.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Comptroller which denied
petitioner's applications for disability and performance of duty
disability retirement benefits.

        In August 2009, petitioner – a correction officer employed
by the Department of Corrections and Community Supervision
(hereinafter DOCCS) for over 12 years – received two notices of
discipline and, as a result of those notices, was suspended
without pay.  In February 2012, petitioner entered into a
settlement agreement with DOCCS in full satisfaction of both

notices of discipline.  The agreement provided that, for a two-week period, petitioner would be both placed on administrative leave with pay and "on [the] payroll."  The parties agree that the agreement did not provide for or allow petitioner, during that two-week period, to perform any of the services for DOCCS for which he had been hired.  During that two-week period and in March 2012, petitioner applied for disability retirement benefits and performance of duty disability retirement benefits (see Retirement and Social Security Law §§ 507-a, 507-b).  Thereafter, respondent Comptroller adopted the findings of a Hearing Officer denying both applications upon determinations that they were untimely as a matter of law.  This CPLR article 78 proceeding ensued, and we confirm.

The Comptroller is vested with the exclusive authority to resolve applications for any form of retirement benefits (see Retirement and Social Security Law § 374 [b]; Matter of Port Auth. Police Benevolent Assn., Inc. v Anglin, 12 NY3d 885, 886 n [2009]; Matter of Graziose v DiNapoli, 110 AD3d 1205, 1206 [2013]).  "In this regard, if [the Comptroller's] application and interpretation of the relevant statutes [are] not irrational, unreasonable or contrary to the statutory language, [his] determination will be upheld" (Matter of Graziose v DiNapoli, 110 AD3d at 1206 [internal quotation marks and citations omitted]; accord Matter of Price v New York State & Local Employees' Retirement Sys., 107 AD3d 1212, 1214 [2013]).

Here, the Comptroller found that the requirement of Retirement and Social Security Law § 507-a (b) (2) that "an application be filed within three months from the last date the member was being paid on the payroll" includes the requirement that such a member be receiving payments for services rendered while working.  Notably, this Court has held that the same phrase "on the payroll," as used in Retirement and Social Security Law § 605 (b) (2), contains a requirement that payments are for services rendered while working (Matter of Kennedy v New York State & Local Retirement Sys., 269 AD2d 669, 670 [2000]).  Further, the legislative history attending the adoption of Retirement and Social Security Law § 507-a (b) (2) suggests that the modification of Retirement and Social Security Law article 14 — which included Retirement and Social Security Law § 507-a (b)

(2) — was for the purpose of providing "the same disability benefit as other public employees who are covered by [Retirement and Social Security Law] [a]rticle 15" — which includes Retirement and Social Security Law § 605 (b) (2) (Governor's Mem approving L 1983, ch 452, 1983 NY Legis Ann at 2775). Considering these facts, the Comptroller's interpretation of Retirement and Social Security Law § 507-a (b) (2) is consistent with this Court's construction of the identical phrase in Retirement and Social Security Law § 605 (b) (2), and legislative history supports the conclusion that the identical phrases in those two provisions should be given the same construction. Accordingly, the Comptroller's interpretation of Retirement and Social Security Law § 507-a (b) (2) as requiring payment for services rendered while working is not irrational, unreasonable or contrary to the statutory language.  Given petitioner's concession that he did not render any services while working after August 2009, we confirm the determination that his March 2012 application for disability retirement benefits was untimely.

We reach a similar conclusion regarding petitioner's application pursuant to Retirement and Social Security Law § 507-b.  The timeliness of an application pursuant to this statute is governed by 2 NYCRR 369.2 (see Matter of Campanelli v McCall, 288 AD2d 680, 682 [2001], lv denied 97 NY2d 611 [2002]). Pursuant to 2 NYCRR 369.2, "[t]o be effective, an application for performance of duty disability retirement under [Retirement and Social Security Law §] 507-b . . . shall be filed within two years after the member is first discontinued from service, as provided . . . under . . . subdivision a of [Retirement and Social Security Law §] 63."  In turn, Retirement and Social Security Law § 63 (a) (2) provides that a member is only entitled to a retirement allowance if the application is timely in relationship to the member being "[a]ctually in service upon which his [or her] membership is based."  An interpretation that "actually in service" means that a member must be providing the services for the employer that entitled him or her to membership is neither contrary to statutory language (see generally Retirement and Social Security Law § 501) nor irrational or unreasonable (see generally Foote v Regan, 103 AD2d 918, 919 [1984]).  Because petitioner did not perform the services that entitled him to membership after August 2009, we also confirm the

determination that his March 2012 application for performance of duty disability retirement benefits was untimely (see 2 NYCRR 369.2; Matter of Campanelli v McCall, 288 AD2d at 682).

Finally, we agree with the Comptroller's adopted conclusion that there were no material factual issues in dispute and, therefore, we reject petitioner's contention that the Comptroller applied an incorrect standard as to findings of fact.

Lynch, Devine and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court