■ In the Matter of THERESE DEREN, Respondent, v EDWARD V. REGAN, as Comptroller of the State of New York, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Pennock, J.), entered August 30, 1982 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Comptroller of the State of New York denying petitioner's application for ordinary disability retirement and which affirmed and reinstated the hearing officer's determination approving petitioner's application. Petitioner was appointed to the position of teacher's aide by the Lackawanna City School District in January,

1968. In October, 1974, she underwent surgery to her spine which disabled her from working until January, 1975. As a result of further surgery in April, 1977, she was again disabled until November, 1977. She thereafter continued her employment with the school district until January 12, 1978 when she applied for and was given a six-month leave of absence without pay or benefits commencing January 13, 1978. By letter dated June 8, 1978, petitioner notified the Superintendent of Schools that she would be able to return to work upon the opening of school in September, 1978. However, by letter dated June 26, 1978, the school district informed petitioner that a budget had been adopted which abolished all teacher's aide positions and therefore her services were terminated as of June 30, 1978. She was advised that her name would be placed on a preferential list according to seniority and that further vacancies would be filled from this list. Funds were obtained for the 1978-1979 school year and in October, 1978, petitioner was offered reinstatement to her position but was unable to return to work due to her disability. Persons ranking below her on the preferred list were accordingly recalled. Thereafter, on June 27, 1979, while still on "preferred list" status, petitioner, *inter alia,* filed an application for ordinary disability benefits. This application was initially disapproved on February 19, 1980, on the grounds that at the time petitioner filed her application she was not actually in the service upon which her membership was based as required by section 62 (subd aa, par 2) of the Retirement and Social Security Law. At petitioner's request, a hearing was held. The hearing officer found that petitioner was in service at the time she filed her application and thus approved the application. After reviewing the hearing officer's decision, however, respondent Comptroller disapproved petitioner's application, concluding that one whose employment has been terminated and has been placed on a preferred list for rehiring purposes is not in service within the meaning of the Retirement and Social Security Law. The instant CPLR article 78 proceeding was then commenced. Special Term, agreeing with the hearing officer's findings, annulled the Comptroller's determination, and reinstated the hearing officer's determination approving the application. This appeal ensued. There must be a reversal. The parties agree that to be eligible for ordinary disability retirement, a member of the retirement system must "[a]ctually be in service upon which his membership is based" at the time the application is filed (Retirement and Social Security Law, § 62, subd aa, par 2). The issue presented in this case, accordingly, distills to whether the Comptroller reasonably determined that one on a preferred list is not "actually in service" within the meaning of the Retirement and Social Security Law. Specifically, the Comptroller determined that when petitioner's job was abolished, she was effectively terminated, as stated in the June 26, 1978 letter. And, although petitioner was entitled to have her name placed on a preferred hiring list (see Civil Service Law, § 81, subd 1), the Comptroller concluded that placement on such a list "is not in the service upon which [her] membership is based". Despite the very sympathetic nature of this case, we are unable to conclude that the Comptroller's determination is irrational (cf. *Matter of O'Marah v Levitt,* 35 NY2d 593). Accordingly, as the determination of the Comptroller, who has in the first instance the authority to interpret those statutes which he is charged with administering, had a reasonable basis in law, it should not be disturbed. Judgment reversed, on the law, determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.