■ In the Matter of VIRGINIA TRIOLO, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM, Respondent.— Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's applications for accidental disability retirement benefits and ordinary disability retirement benefits.

Petitioner occupied a civil service position as a telephone operator with the East Meadow Union Free School District (the District) in Nassau County until January 2, 1979. She left paid service on that date due to an injury sustained a month earlier in the District's parking lot. For a year, she received workers' compensation benefits; thereafter, the District's insurance carrier paid her disability benefits. On December 7, 1982, the District notified petitioner that her employment had been terminated pursuant to Civil Service Law § 73.

On December 27, 1982, petitioner applied to respondent for accidental and ordinary disability retirement benefits. Denial of those applications in March 1983 precipitated hearings following which respondent ultimately concluded that the applications were untimely and that, in any event, the accident was not service related. Denial of the application for accidental disability retirement benefits was predicated on the fact that more than two years had elapsed between the date of petitioner's last paid service and the date upon which her application was filed (see, Retirement and Social Security Law § 63 [a] [3]). The ordinary disability application was denied because petitioner was not actually in service at the time she filed her application on December 27, 1982 (see, Retirement and Social Security Law § 62 [aa] [2]). Petitioner brings this proceeding to challenge respondent's determination.

The critical issue is the date on which petitioner's government service was discontinued. Retirement and Social Security Law § 2 (11) defines government service as "paid service". A pertinent regulation extends that definition to periods when a civil servant is on an authorized medical leave of absence (2 NYCRR 309.2; see also, Matter of Cunningham v Regan, 105 AD2d 922, affd 66 NY2d 628).

Petitioner contends that her service to the District did not come to an end until December 1982, when she was terminated. She notes that in a letter dated December 15, 1982, the District's assistant administrator of personnel, Dorothy Fishelson, stated that petitioner "was put on a leave of absence" until termination of her employment. However, at the hearing, Fishelson explained that the letter reflected her understanding that petitioner was absent from work and free to return to the District's employ, and was being paid by the District's disability insurance carrier. At no time, according to Fishelson, did petitioner seek or receive an authorized medical leave of absence. Petitioner's testimony in this regard corresponded with Fishelson's. That petitioner's last day of government service was January 2, 1979, and further that she was not thereafter on an authorized medical leave of absence without pay, is suitably borne out by the evidence. Inasmuch as her application for accidental disability benefits was not filed within two years of that date as required by Retirement and Social Security Law § 63 (a) (3), and likewise since her application for ordinary disability benefits was not instituted within 90 days of that date of discontinuance as required by Retirement and Social Security Law § 62 (aa) (2), the determination that both applications were untimely must be upheld.

There is also sufficient evidentiary support for respondent's finding that petitioner's injury was not service related. Petitioner testified that the injury occurred as she left to drive home for lunch and that each day's lunch hour was her own time, to do with as she pleased. Given these facts, it was not irrational or unreasonable for respondent to conclude that the accident was not attributable to her service as a telephone operator and, hence, was not sustained in the service upon which her membership in the retirement system is based (see, Retirement and Social Security Law § 63 [a] [2]; § 62 [aa] [2]).

Determination confirmed, and petition dismissed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.