**29** In the Matter of ROSE A. RYAN, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. —Harvey, J.

Petitioner, employed as a bus driver by the Whitehall Central School District in Washington County, suffered a physical disability of an undetermined nature on September 14, 1981. She last received salary from the District on October 23, 1981. The District continued payments on her medical insurance policy until her position was declared vacant on February 14, 1983.

On February 18, 1983, petitioner applied for accidental and ordinary disability retirement benefits. Petitioner's application for ordinary disability retirement benefits was rejected by respondent after a hearing on the ground that petitioner's application was not made within 90 days of discontinuance of her service (see, Retirement and Social Security Law § 62 [aa] [2]). Petitioner's application for accidental disability retirement benefits was also denied and petitioner has not contested that denial on this appeal.

Petitioner contends that she was in "service", within the meaning of Retirement and Social Security Law § 62 (aa) (2), until February 14, 1983, and thus her application for ordinary disability retirement benefits was timely. We cannot agree. In order to be considered in service, an applicant must be either actually working or on a medical leave of absence as defined by 2 NYCRR 309.2 (Matter of Triolo v New York State Employees' Retirement Sys., 118 AD2d 926; Matter of Elsasser v Regan, 99 AD2d 875, affd 63 NY2d 647). The fact that an employer continues to carry insurance for the applicant is of no moment (see, Matter of Triolo v New York State Employees' Retirement Sys., supra). Here, petitioner last received salary from the District in October 1981. The District, in response to an inquiry from respondent, stated that petitioner had not been granted an authorized medical leave of absence. Respondent's factual finding that petitioner had not been granted an authorized medical leave of absence is supported by substantial evidence. Hence, respondent's determination that the application was untimely must be upheld.

We find no merit to petitioner's additional contention that the determination should be annulled on the ground that the

Hearing Officer's decision included a citation to an Appellate Division decision which had been reversed by the Court of Appeals. The citation did not result in an erroneous application of the law and thus is not a ground for annulment (see generally, 5 NY Jur 2d, Article 78 and Related Proceedings, § 15, at 359-361).

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.