OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding in which petitioner *575 seeks a judgment reversing and annulling respondent’s findings with reference to petitioner’s application for disability retirement and for a declaration that section 71 of .the Civil Service Law in conjunction with section 605 of the Retirement and Social Security Law is unconstitutional.
Respondent Nassau County opposes the petition and cross-moves for an order dismissing the petition as against it pursuant to CPLR 3211 (a) (2) and (7), lack of jurisdiction of the subject matter and failure to state a cause of action.
Petitioner was employed as a school crossing guard by the Nassau County Police Department from March 15, 1984 to September 10, 1984 when she sustained an injury on the job. As a result of the job-related accident, she was granted workers’ compensation benefits and was placed on sick leave of absence without pay.
On September 24, 1986, petitioner applied for article 15 disability retirement benefits pursuant to Retirement and Social Security Law § 605. On January 30, 1987, a State Comptroller Hearing Officer denied her application on the grounds that the application was not made within either three months of the date she was last paid on the payroll, or within 12 months of the last date she was paid on the payroll and on a leave of absence for medical reasons. Petitioner then requested a hearing and redetermination of the denial and hearings were held in May and November of 1987 and in March of 1988. The Comptroller found that petitioner was last paid on the payroll of the Nassau County Police Department on September 10, 1984 and her application for disability retirement was therefore untimely in light of section 605 (b) (2) of the Retirement and Social Security Law.
Petitioner was unable to return to her occupation as a crossing guard that was carried on the rolls of the Nassau County Police Department on sick leave without pay until she was terminated on March 3, 1988 pursuant to section 71 of the Civil Service Law by letter from the Police Commissioner of Nassau County.
On April 11, 1988, petitioner filed a grievance with Nassau County pursuant to her CSEA contract, alleging a violation of section 10 of said contract. There was a step 3 grievance determination which held that her termination was proper and, in October of 1988, petitioner notified Nassau County of a request to proceed to step 4 (to an advisory appeal) and that request is on hold pending determination of the instant article 78 proceeding.
*576 The petitioner is contending that she was paid on the payroll until March 10, 1988 because she received pay for nine holidays under her union contract with Nassau County and she paid reduced medical and dental premiums for her health insurance; that is, even though she may not have been actually working in service, she was clearly paid on the payroll and, therefore, the Comptroller’s determination that she was not entitled to a disability pension should be annulled. Further, she contends that section 71 of the Civil Service Law which governs reinstatement of employees after they were separated from service due to a disability caused by a work-related injury requires pretermination notice and a hearing. She contends that section 71 of the Civil Service Law and section 605 of the Retirement and Social Security Law in conjunction are unconstitutional because they deny due process and equal protection.
This court cannot agree with the contentions of the petitioner. Section 605 (b) of the Retirement and Social Security Law, which governs an application for a disability retirement allowance, provides in pertinent part as follows: "2. The application must be filed within three months from the last date the member was being paid on the payroll or within twelve months of the last date he was being paid on the payroll provided he was on a leave of absence for medical reasons without pay during such twelve month period provided the member was disabled at the time he ceased being paid.”
There is no question that petitioner’s application for disability retirement was filed on September 24, 1986. The Comptroller then found after holding three hearings that petitioner last performed her duties as a school crossing guard and earned salary for that employment on September 10, 1984, and that she was not paid on the payroll for section 605 purposes after September of 1984. That decision was clearly rational and lawful and will not be disturbed by this court. The fact that petitioner was on sick leave without pay and paid for nine holidays per year while not working, pursuant to her union contract, does not change the fact that petitioner was not paid on the payroll pursuant to section 605 (b) (2) of the Retirement and Social Security Law.
Further, section 71 of the Civil Service Law which governs reinstatement of employees after they were separated from service due to a disability caused by a work-related injury (as petitioner herein) does not require a pretermination notice *577 and hearing. Holding a posttermination hearing afforded petitioner all the due process to which she was entitled under the Constitution (see, Matter of Economico v Village of Pelham, 50 NY2d 120). Further, section 71 of the Civil Service Law and section 605 of the Retirement and Social Security Law are constitutional, and in conjunction with one another have not violated any of petitioner’s rights.
In view of the foregoing, the petition is denied in all respects and the cross motion dismissing the petition is granted.
Respondent Nassau County to submit order denying petition as to all respondents.