■ In the Matter of JUDITH LEONARD, Appellant-Respondent, v EDWARD V. REGAN, as Comptroller of the New York State and Local Employees' Retirement System, Respondent, and NASSAU COUNTY, Respondent-Appellant.—Mercure, J. Appeals (1) from a judgment of the Supreme Court (Conway, J.), entered July 13, 1989 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, inter alia, review a determination of respondent Comptroller denying petitioner's request for disability retirement benefits, and (2) from an order of said court (Bradley, J.), entered December 19, 1989 in Albany County, which granted petitioner's motion for leave to serve a late notice of appeal on respondent Nassau County.

Petitioner commenced employment as a school crossing guard with respondent Nassau County on March 5, 1984. On September 10, 1984, petitioner was injured in connection with

her employment and did not return to work thereafter. Rather, she collected workers' compensation benefits while on "inactive payroll status", receiving pay for certain holidays and some health insurance benefits pursuant to a union contract. Petitioner's September 24, 1986 application to the State and Local Employees' Retirement System for disability retirement benefits pursuant to Retirement and Social Security Law § 605 was denied as untimely. On March 3, 1988, the county terminated petitioner's employment pursuant to Civil Service Law § 71 without prior notice or a pretermination hearing.

Petitioner commenced this CPLR article 78 proceeding to annul both respondent Comptroller's determination denying disability retirement benefits and the county's determination to terminate her employment. Supreme Court dismissed the proceeding. Petitioner filed and timely served a notice of appeal upon the Comptroller but failed to timely serve the county. Petitioner thereafter applied for and obtained an order of Supreme Court granting leave to serve a notice of appeal upon the county. Petitioner appeals the judgment of Supreme Court dismissing her article 78 proceeding and the county appeals the order permitting the late service of petitioner's notice of appeal.

We affirm. In our view, Supreme Court acted within its discretion in excusing petitioner's failure to timely serve the notice of appeal upon the county. CPLR 5520 (a) permits the court of original instance to extend the time for service of a notice of appeal in a case where a notice of appeal was filed and timely served upon one party but, through mistake or excusable neglect, not upon another (see, Matter of Berman, 21 AD2d 136).

Turning to the merits of petitioner's appeal, we agree with Supreme Court's dismissal of the proceeding against the Comptroller. Prior to June 26, 1989 (see, L 1989, ch 226), Retirement and Social Security Law § 605 provided for the filing of an application for a disability retirement allowance "within three months from the last date the member was being paid on the payroll or within twelve months of the last date he was being paid on the payroll provided he was on a leave of absence for medical reasons without pay during such twelve month period provided the member was disabled at the time he ceased being paid" (Retirement and Social Security Law § 605 [b] [former (2)] [emphasis supplied]). It is petitioner's position that she was "on the payroll" until the time her employment was terminated because she continued to receive

compensation for holidays, even though she did not work. However, the Comptroller's interpretation of the language "paid on the payroll" as being equivalent to "paid for services rendered for working" is by no means irrational or unreasonable and, accordingly, controls (see, Matter of Miller v New York State Teachers' Retirement Sys., 157 AD2d 890, 891; Matter of Hohensee v Regan, 138 AD2d 812, 813, lv denied 72 NY2d 807). The Comptroller's interpretation finds support in the definition of "active service" as "service while being paid on the payroll of a participating employer" (Retirement and Social Security Law § 601 [a]) and the obvious legislative intent to impose time constraints for the filing of applications for disability retirement benefits. As correctly contended by the Comptroller, adoption of the interpretation urged by petitioner would permit employees to avoid the statutory time limits indefinitely by means of a union contract allowing limited benefits during periods of disability.

Finally, we reject the contention that the county's termination of petitioner's employment without affording a pretermination hearing impermissibly deprived her of the right to apply for disability retirement benefits. Petitioner's right to apply for disability retirement benefits expired by the express provision of Retirement and Social Security Law § 605 one year following her accident and approximately three years prior to the termination of her employment. This being the case, it cannot be seriously argued that the termination of petitioner's medical leave effected a disentitlement (see, Russell v Dunston, 896 F2d 664, 669-670, cert denied — US —, 111 S Ct 50).

Judgment and order affirmed, without costs. Weiss, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur. [See, 143 Misc 2d 574.]