■ In the Matter of ALVENIA TRULY, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia,* denied petitioner's application for ordinary disability retirement benefits.

In November 1976, petitioner was employed by Brooklyn Developmental Center as a recreation worker and was enrolled as a member in the New York State Employees' Retirement System. On January 10, 1986 petitioner sustained injuries to her lower back and left leg and ankle from a fall in the course of her employment. She returned to work at Brooklyn

Developmental Center on February 20, 1986 and continued to work there until June 18, 1986, when she was transferred to Bernard Fineson Developmental Center. After a period of inactivity, petitioner commenced work at Bernard Fineson Developmental Center on March 16, 1987 but had to stop on March 22, 1987 because she was unable to fulfill her employment obligations due to the injuries she had sustained in January 1986. In late March 1987, she filed for workers' compensation and is currently receiving benefits.

Despite her attempts to obtain such, petitioner never received a leave of absence for medical reasons. Petitioner has not worked in her capacity as recreation worker since March 22, 1987 and the last date that she was paid on the payroll was March 27, 1987. However, she continued to be paid until April 22, 1987 for prior accrued time. On February 22, 1988 petitioner filed applications with respondent seeking "ordinary disability" retirement benefits (Retirement and Social Security Law art 14) and "article 15 disability" retirement benefits (Retirement and Social Security Law art 15). On May 3, 1988 petitioner's application for ordinary disability was denied because she was not "in service" at the time of her application; her application for article 15 disability was denied because it was not timely filed. After a hearing, these denials were upheld by respondent and petitioner commenced this proceeding to review the determination.

Retirement and Social Security Law § 62 (aa) provides:

"At the time of the filing of an application [for an ordinary disability retirement allowance] pursuant to this section, the member must:

"1. Have at least ten years of total service credit, and

"2. Actually be in service upon which his membership is based".

In the instant proceeding, petitioner was terminated from her employment at the latest on May 10, 1987. She filed her application for ordinary disability retirement benefits on February 22, 1988. We therefore find that petitioner was not "in service" at the time of her application (see, Matter of Elsasser v Regan, 99 AD2d 875, affd 63 NY2d 647).

Retirement and Social Security Law § 605 (b) provides:

"At the time of the filing of an application [for a disability retirement allowance] pursuant to [art 15], the member must:

"1. Have at least ten years of total service credit, and

"2. The application must be filed within three months from the last date the member was being paid on the payroll or, in

the case of a member who was placed on a leave of absence for medical reasons without pay, either voluntarily or involuntarily, at the time he ceased being paid, application may be made not later than twelve months after the date the employee receives notice that his employment status has been terminated."

The last date that petitioner was being paid on the payroll was March 27, 1987 even though she was being paid for accrued time until April 22, 1987. She filed her application for article 15 disability retirement benefits on February 22, 1988 (see, *Matter of Leonard v Regan,* 167 AD2d 790). Petitioner admitted that she was never on any approved medical leave of absence. We therefore find that petitioner's application was not timely filed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Crew III and Harvey, JJ., concur.