■ In the Matter of JOSEPH LEYDEN, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents.—Mercure, J.

On September 7, 1979, while employed by the State Division of Criminal Justice Services as a criminal justice monitor, petitioner received injuries in an automobile accident which ultimately resulted in a Workers' Compensation Board determination of permanent partial disability. Petitioner's State service was terminated effective April 7, 1983 due to fiscal constraints. Petitioner was placed on a State-wide preferred list on or about May 2, 1983 and his eligibility for preferred list reinstatement expired April 6, 1987. Petitioner was employed by the State Department of Taxation and Finance from January 1984 through August 8, 1984, an appointment which did not result from petitioner's preferred list status. It is undisputed that petitioner was not in actual State service after August 8, 1984.

In March 1987, petitioner made application to respondent State Employees' Retirement System for, *inter alia,* accidental disability retirement benefits. The application was initially granted by decision dated September 17, 1987. On September 22, 1987, however, an amended decision was issued disapproving petitioner's application as untimely, inasmuch as it was not made within two years after he was first discontinued from service *(see,* Retirement and Social Security Law § 63 [a] [2]), a determination which was upheld by respondent Comptroller following administrative appeal. By this CPLR article 78 proceeding, transferred to this court pursuant to CPLR 7804 (g), petitioner challenges the Comptroller's determination.

Initially, we reject the contention that petitioner was, at the time of his application, "in an employment relationship" with the State. In *Matter of Deren v Regan* (92 AD2d 1080, 1081, *affd* 60 NY2d 573), this court considered and rejected the contention that one on a preferred list is " 'actually in service' within the meaning of the Retirement and Social Security Law". That *Matter of Deren v Regan (supra)* involved an application for ordinary and not accidental disability retirement benefits does not render it inapposite, as the "service" standard is the same in each case *(compare,* Retirement and Social Security Law § 62 [aa] [2], *with* Retirement and Social

Security Law § 63 [a] [2]; *see,* Retirement and Social Security Law § 2 [11] [a]; [17] [b]; 2 NYCRR 309.5; *Matter of Triolo v New York State Employees' Retirement Sys.,* 118 AD2d 926, 927). Petitioner's reliance upon *Matter of O'Marah v Levitt* (35 NY2d 593) is misplaced, for there the petitioner was on a leave of absence without pay for medical reasons *(see, Matter of Deren v Regan,* 60 NY2d 573, 575, *supra; see also,* 2 NYCRR 309.2, 309.5). Similarly, petitioner's receipt of workers' compensation benefits does not assist him because his employment was terminated by "employer action", thus rendering inapplicable the provisions of 2 NYCRR 309.4 and 309.5 (b). Finally, the Comptroller is not bound by the erroneous initial determination approving petitioner's application *(see, Matter of Burns v Regan,* 87 AD2d 944, 946, *appeal dismissed* 57 NY2d 954).

Weiss, Levine, Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.