■ In the Matter of JOHN CARMODY, Petitioner, v H. CARL McCALL, as New York State Comptroller, Respondent. [691 NYS2d 208] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for ordinary disability retirement benefits.

Petitioner was injured on August 28, 1992, while lifting bags of lime in the course of his employment at the wastewater treatment plant in the Village of Rhinebeck, Dutchess County (hereinafter the Village). Petitioner's employment with the Village ended October 12, 1993. On January 4, 1993, applications for ordinary and accidental disability retirement benefits were filed on petitioner's behalf by the Village. Petitioner acknowledged that he received a letter mailed to his residence in January 1993 notifying him of the Village's applications for benefits.

In May 1993, the applications for benefits were withdrawn by the Village. Petitioner was mailed a copy of a letter from the New York State and Local Retirement System to the Village, confirming the withdrawal of its applications. Petitioner filed his own application for ordinary disability retirement benefits on February 14, 1994. The application was, however, denied on the ground of untimeliness. This CPLR article 78 proceeding ensued.

Pursuant to Retirement and Social Security Law §§ 62 and 362, an application for ordinary disability retirement benefits must be filed while the applicant is actually in service or within 90 days from the end of service. Substantial evidence in the record supports respondent's finding that petitioner's service with the Village, as well as any collateral employment by other municipalities, had terminated over 90 days prior to the filing of his application for benefits on February 14, 1994. Hence, the determination of untimeliness is confirmed (see, Matter of Dysard v McCall, 222 AD2d 927).

Petitioner contends that it is inequitable to enforce the 90-day Statute of Limitations against him because he never received a copy of the letter mailed in May 1993, containing the information that the Village had withdrawn its application for benefits. Respondent, however, found this representation implausible.* As the resolution of issues of credibility lies within the province of respondent and as substantial evidence supports that resolution, it will not be disturbed (see, Matter of Smith v New York State & Local Retirement Sys., 199 AD2d 763, 765).

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

* Petitioner maintains that his copy of the notice of withdrawal failed to reach him because it was improperly addressed to his residence on "Norm" Road in the Town of "Tiuoli" instead of North Road in the Town of Tivoli. As petitioner's street number and zip code were correctly entered, however, we do not think that these typographical errors were sufficient to render the notice undeliverable. Petitioner concedes that he received a copy of the notice of filing for benefits which was successfully delivered to him although the address contained the same typographical errors.