■ In the Matter of RICHARD SUKUP, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [697 NYS2d 354] —Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

While employed at the Broome County landfill, petitioner sustained a work-related accident in June 1994 and he was placed on medical leave of absence. Upon the expiration of petitioner's one-year leave of absence and a three-month extension, the County terminated his employment effective September 24, 1995 (*see*, Civil Service Law § 71; *Matter of Allen v Howe*, 84 NY2d 665, 669). Petitioner applied for accidental disability retirement benefits in February 1997 and, after a hearing, respondent denied the application as untimely.

Petitioner was required to file his application within 12 months after his receipt of notice that his employment status had been terminated (*see*, Retirement and Social Security Law § 605 [b] [2]). Petitioner denied receiving any such notice and there is no direct evidence that the County notified petitioner of the termination of his employment. In 1995, the County sent petitioner two identical letters which state that his employment was placed on "non-payroll status" effective June 24,

1994.* The Comptroller concluded that petitioner was notified of the termination of his employment no later than October 1, 1995. The conclusion is based upon the finding that, during an interview on or about that date, the County informed petitioner of his right to COBRA benefits and petitioner signed an application for COBRA benefits, which he began to receive thereafter. COBRA refers to Federal legislation which provides employees who are covered by an employment-related health care plan with the opportunity to elect continuation of coverage after some qualifying event, including termination of employment (see, 29 USC § 1161).

There is evidence that the County had an office practice of sending a notice regarding COBRA benefits to any employee whose employment is terminated, but respondent made no finding that petitioner received such a notice. The application for COBRA benefits upon which respondent relied was made on the County's Health Benefits form which lists a number of possible reasons for a change of enrollment, including termination, but none of the boxes is checked and no reason is written on the form. The record also contains an Employee Final Clearance Form which is completed upon an employee's separation from employment, when he must certify that he has returned all County property issued to him. Although the form contains a County date stamp of September 25, 1995, it is signed by petitioner and five other County employees, including petitioner's supervisor, all of whom listed the date as either August 16 or August 19, 1996.

"[A] determination is regarded as being supported by substantial evidence when the proof is 'so substantial that from it an inference of the existence of the fact found may be drawn reasonably'" (300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 179, quoting Matter of Stork Rest. v Boland, 282 NY 256, 273). Although the inference that, when petitioner applied for COBRA benefits, he knew that his employment was terminated, is, in and of itself, not unreasonable, respondent drew that inference without taking into account the ambiguity, confusion and uncertainty created by the notices to petitioner that his employment had been placed on "non-payroll status" and, more importantly, by the County's request that petitioner execute the Employee Final Clearance

---

* The "non-payroll status" of petitioner's employment was relevant prior to June 1989 when the 12-month period for filing a disability retirement application ran from the last date of payment on the payroll (see, Retirement and Social Security Law § 605 [b] [former (2)]; Matter of Leonard v Regan, 167 AD2d 790).

Form and return all County-issued property in August 1996. Considering all of the relevant evidence (*see, Matter of Principe v McCall*, 255 AD2d 853), we conclude that the record as a whole establishes that petitioner received no unambiguous and certain notice of termination of employment until he executed the Employee Final Clearance Form in August 1996. His application filed in February 1997 was, therefore, timely and respondent's determination to the contrary is not supported by substantial evidence.

Cardona, P. J., Yesawich Jr., Peters and Mugglin, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.