■ In the Matter of MATTHEW KENNEDY, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEM et al., Respondents. [703 NYS2d 815] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for ordinary disability retirement benefits.

Petitioner ceased working in his capacity as a custodian for a school district due to psychological problems and received no further salary payments after April 25, 1994. Following an attempt to obtain a medical leave of absence, petitioner was terminated from his employment effective June 27, 1994 and thereafter received a check dated June 30, 1994 representing payment for accumulated vacation days due upon his termination. Petitioner's August 9, 1994 application for ordinary disability retirement benefits was denied as untimely, prompting the commencement of this CPLR article 78 proceeding.

We confirm. At the time of petitioner's application, an application for disability retirement benefits was required to be

filed "within three months from the last date the member was being *paid on the payroll* or, in the case of a member who was placed on a leave of absence for medical reasons without pay * * * not later than twelve months after the date the employee receives notice that his employment status has been terminated" (Retirement and Social Security Law § 605 [b] [2] [emphasis supplied] [eff until June 30, 1999]). Petitioner contends that his application for benefits was timely because the June 30, 1994 check constituted payment "on the payroll". However, that statutory phrase has been construed to encompass only payments for services rendered while working and does not include payments for accrued vacation time (*see, Matter of Truly v Regan*, 172 AD2d 966; *Matter of Leonard v Regan*, 167 AD2d 790).

Moreover, the record contains no evidence to substantiate petitioner's allegation that he was on a medical leave of absence prior to his termination and, in any event, petitioner admitted during the administrative proceeding that his request for medical leave was never approved. Inasmuch as April 25, 1994 was the final date for which petitioner was paid for services rendered while working, his August 9, 1994 application for benefits was filed more than three months later and was properly determined to be untimely (*see, Matter of Truly v Regan, supra*, at 967).

Mercure, J. P., Carpinello, Graffeo and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.