In the Matter of JOAN BUNTING, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York and Administrator of the New York State and Local Employees' Retirement System, Respondent. [719 NYS2d 907] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request for disability retirement benefits.

Petitioner sustained disabling injuries in a work-related accident in December 1993, after nearly six years of employment with the Department of Mental Hygiene. Following her accident, petitioner was placed on unpaid medical leave and in December 1994 her employment was terminated. In October 1997 petitioner submitted an application for disability retirement benefits (see, Retirement and Social Security Law § 605). Respondent denied the application as untimely, concluding that it was not filed within 12 months after the date that petitioner received notice that her employment status had been terminated (see, Retirement and Social Security Law § 605 [b] [2]). Petitioner, claiming that her application was timely because she never received notice that her employment was terminated, sought and obtained a hearing and redetermination pursuant to Retirement and Social Security Law § 74, which resulted in the Hearing Officer's denial of her application.

Respondent accepted the Hearing Officer's findings and rendered a final administrative determination that petitioner's application for disability retirement benefits was untimely. Petitioner then commenced this CPLR article 78 proceeding seeking to annul respondent's determination, alleging that it was not supported by substantial evidence, amounted to a breach of respondent's fiduciary duty to petitioner and violated her due process rights under the United States and New York Constitutions. Respondent has not filed a brief, advising this Court by letter that it considers this appeal moot since it "has agreed to administratively annul the determination complained of and set this matter down for further administrative proceedings."

This Court has since been advised that respondent will not

oppose the petition and will abide by the Court's decision in this proceeding. Accordingly, since we find *Matter of Sukup v McCall* (264 AD2d 921) controlling, the underlying determination must be annulled.

Mercure, J. P., Crew III, Mugglin and Rose, JJ., concur. Adjudged that the determination is annulled, with costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.