■ In the Matter of JUDITH G. SCHWARTZ, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [752 NYS2d 416] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application to participate in the 1997 retirement incentive.

Petitioner began employment with Westchester County in May 1971. From January 1993 to June 1997, she held a position as an annual salaried nurse with the Mobile Crisis Team of the Comprehensive Psychiatric Emergency Program at Westchester County Medical Center. On June 27, 1997, petitioner was "bumped" from her annual salaried position with the County because of a reduction in the work force, but rehired

the same day by the County as a per diem employee. Petitioner testified that, when she returned to work as a per diem employee, she performed the same duties at the Westchester County Medical Center that she performed as an annual salaried employee, but her hourly salary was paid by the State until September 27, 1997. In November 1997, petitioner filed an application for the 1997 retirement incentive (*see* L 1997, ch 41), which had been adopted by the County. Petitioner remained a per diem employee until the effective date of her retirement on December 20, 1997. In January 1998, respondent Comptroller (hereinafter respondent) notified petitioner that she was not eligible for the retirement incentive program because she was not continuously in the active service of the County from February 1, 1997 to November 16, 1997 as prescribed by the statute. Petitioner requested a hearing and redetermination pursuant to Retirement and Social Security Law § 74. The Hearing Officer found that petitioner was in the active service of the County and, thus, she was eligible for the retirement incentive. Respondent reversed, finding that petitioner was not in the active service of the County while being paid by the State from June 27, 1997 to September 27, 1997 and this CPLR article 78 proceeding followed.

As relevant here, chapter 41 of the Laws of 1997, as adopted by the County, provided County employees a retirement incentive if they were employed in an eligible title "continuously in the active service of [the County] from February 1, 1997 to the date immediately prior to the commencement date of the applicable open period" (L 1997, ch 41, § 5).* The County's open period commenced on November 17, 1997, requiring petitioner to be in "active service" from February 1, 1997 until November 16, 1997 in order to be eligible for the incentive. Active service is defined by the statute as "service while being paid on the payroll" (L 1997, ch 41, § 1 [i]).

Respondent's determination must be upheld if his interpretation of the controlling retirement statute is reasonable (*see Matter of Leonard v Regan*, 167 AD2d 790, 792; *see also Sherman v New York State Teachers' Retirement Sys.*, 50 NY2d 980, 981) and the underlying factual findings are supported by substantial evidence (*see Matter of Foster v McCall*, 248 AD2d 853, 853). Substantial evidence to support respondent's determination that petitioner had a disqualifying break in service with the County was supplied by petitioner's testimony that

---

* An approved leave of absence without pay does not constitute a disqualifying break in service unless it exceeds 12 weeks (*see* L 1997, ch 41, § 1 [i]).

she was paid for her work from June 27, 1997 to September 27, 1997 (a period in excess of 12 weeks) by the State. A payment by the County to petitioner in July 1997 for 5.97 days of vacation time that had accrued while in her salaried position prior to June 1997 was reasonably rejected as not part of "service while being paid on the payroll" of the participating employer (*see Matter of Kennedy v New York State & Local Retirement Sys.*, 269 AD2d 669, *lv denied* 95 NY2d 753; *Matter of Leonard v Regan, supra*). Similarly, respondent did not act arbitrarily in refusing to construe a payment by the County to petitioner on July 3, 1997 for lag pay earned prior to June 27, 1997 as a qualifying payment by her participating employer during the disputed break in service (*see Matter of Truly v Regan*, 172 AD2d 966). While an affidavit and testimony in the record from individuals familiar with County personnel records could be construed to support a conclusion contrary to the one reached by respondent, we cannot disturb respondent's determination based upon conflicting substantial evidence (*see Matter of Curtis v New York State Comptroller*, 281 AD2d 780, 781; *Matter of Spencer v New York State & Local Employees' Retirement Sys.*, 220 AD2d 792, 793).

Petitioner's equitable estoppel argument is unavailing. Equitable estoppel cannot be used against respondent when correcting benefit allowances, even where, as here, retirement system employees gave erroneous information to a person contemplating retirement (*see Matter of Smith v New York State & Local Retirement Sys.*, 199 AD2d 763, 764; *Matter of Leyden v Regan*, 179 AD2d 889, 890, *lv denied* 80 NY2d 754; *Matter of Boudreau v Levitt*, 67 AD2d 1053, 1054).

Cardona, P.J., Peters, Spain and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.