■ In the Matter of Paul R. Hayden, Petitioner, v Alan G. Hevesi, as Comptroller of the State of New York, Respondent. [821 NYS2d 478]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for disability retirement benefits.

Petitioner was employed as a Deputy Sheriff for Erie County when he sustained injuries in an automobile accident in May 1999. Petitioner never returned to work. He was placed on unpaid medical leave of absence until May 21, 2000, and ultimately his employment was terminated on August 1, 2000. On August 28, 2001, petitioner filed an application for disability retirement benefits pursuant to Retirement and Social Security Law article 15. Respondent denied the application as untimely and petitioner commenced this proceeding challenging the determination.

Retirement and Social Security Law § 605 (b) (2) requires an employee who was placed on unpaid medical leave to file his or her application for disability retirement benefits "not later than twelve months after the date the employee receives notice that

his [or her] employment status has been terminated." We find that respondent's determination that petitioner's application was untimely is rational and supported by substantial evidence (*see Matter of Schwartz v McCall*, 300 AD2d 887, 888 [2002]; *Matter of Carmody v McCall*, 261 AD2d 765, 766 [1999]). Review of the entire record confirms that petitioner was on unpaid medical leave for a year before his employment was terminated (*cf. Matter of Kennedy v New York State & Local Retirement Sys.*, 269 AD2d 669 [2000], *lv denied* 95 NY2d 753 [2000]), petitioner received unambiguous and certain notice that his employment was terminated effective August 1, 2000 (*cf. Matter of Sukup v McCall*, 264 AD2d 921 [1999]), he understood that he was terminated as of that date and his application for disability retirement benefits was filed more than 12 months after that date. The receipt of a check from the County, indicating payment for accrued vacation and compensation time, subsequent to petitioner's termination date, created no ambiguity here and does not compel a different conclusion.

Mercure, J.P., Crew III, Spain and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.