■ In the Matter of ADEBISI KOMOLAFE, Petitioner, v ANDREW CUOMO, as Attorney General of the State of New York, et al., Respondents. [920 NYS2d 485]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for ordinary disability retirement benefits.

In April 2008, petitioner was terminated from his employment as a probation assistant for the Nassau County Probation

Department due to his 13-month absence from work. He applied for ordinary disability retirement benefits in July 2008, and his application was denied as untimely. Respondent Comptroller ultimately upheld that denial, prompting this CPLR article 78 proceeding.

We confirm. As relevant here, an application for ordinary disability retirement benefits must be filed "within three months from the last date the member was being paid on the payroll or," if the member was placed on unpaid medical leave, "not later than [12] months after" receiving notice that his or her employment has been terminated (Retirement and Social Security Law § 605 [b] [2]; *see Matter of Kennedy v New York State & Local Retirement Sys.*, 269 AD2d 669, 669-670 [2000], *lv denied* 95 NY2d 753 [2000]). Here, petitioner was last paid "on the payroll" in March 2007, well prior to his April 2008 termination. He concedes that he was not placed on unpaid medical leave in the intervening period, but contends that the employer's actions misled him into believing otherwise. Substantial evidence in the record supports the Comptroller's finding, however, that the employer gave petitioner no reason to believe that he was on medical leave (*see Matter of Ryan v Regan*, 124 AD2d 441, 441 [1986]; *cf. Matter of Sukup v McCall*, 264 AD2d 921, 922-923 [1999]). Contrary to petitioner's argument, the employer's alleged failure to advise him how to apply for benefits does not estop the Comptroller from denying his application as untimely (*see Matter of Hession v New York State & Local Employees' Retirement Sys.*, 24 AD3d 1008, 1010 [2005]; *Matter of Smith v New York State & Local Retirement Sys.*, 199 AD2d 763, 764 [1993]).

Peters, Malone Jr., Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.