■ In the Matter of GRACE OSHODE, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [982 NYS2d 602]—

Garry, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for disability and performance of duty disability retirement benefits.

On January 29, 2009, petitioner, a correction officer, had finished her shift when she slipped on ice and was injured while

on her way to the building where her locker was located in order to change out of her uniform. Thereafter, petitioner returned to work for only one day in June 2009 and received her last payroll check in July 2009. Petitioner was placed on unpaid approved medical leave of absence and received workers' compensation benefits. In February 2011, petitioner was terminated and issued a check representing her accrued vacation pay. Prior to that event, in January 2011, petitioner applied for disability retirement benefits under Retirement and Social Security Law § 507-a, alleging that she was permanently incapacitated as a result of the injuries she sustained in January 2009. Petitioner also applied for performance of duty disability retirement benefits. Both applications were denied and petitioner timely requested a hearing and redetermination.

Following the hearing, the Hearing Officer recommended denial of both applications, concluding that petitioner's disability retirement application was not timely filed and that she failed to meet her burden of establishing that her fall on the ice was the result of an act of an inmate. Respondent adopted the Hearing Officer's findings and denied petitioner's applications. Consequently, petitioner commenced this CPLR article 78 proceeding challenging that determination.

We affirm. With respect to petitioner's application for disability retirement benefits, Retirement and Social Security Law § 507-a (b) (2) specifically provides that such an application "must be filed within three months from the last date the member was being paid on the payroll or within twelve months of the last date he [or she] was being paid on the payroll provided he [or she] was on a leave of absence for medical reasons without pay during such twelve month period provided the member was disabled at the time he [or she] ceased being paid." Here, petitioner did not file her application within these time limits and we cannot agree that either her receipt of workers' compensation benefits or the check she received for accrued vacation time qualifies as payments "on the payroll" for purposes of the statute (see *Matter of Schwartz v McCall*, 300 AD2d 887, 888-889 [2002]; *Matter of Kennedy v New York State & Local Retirement Sys.*, 269 AD2d 669, 670 [2000], *lv denied* 95 NY2d 753 [2000]). Thus, "respondent's determination that petitioner's application [for disability retirement benefits] was untimely is rational and supported by substantial evidence" (*Matter of Hayden v Hevesi*, 32 AD3d 1125, 1126 [2006]).

Turning to the denial of petitioner's application for performance of disability retirement benefits, we similarly conclude that there is substantial evidence supporting respondent's de-

termination. Significantly, both petitioner and her counsel conceded at the hearing that the January 2009 incident was not caused by an act of an inmate and no proof that would support such a finding was produced at the hearing. Thus, petitioner's current claim that her fall must have been caused by negligent maintenance on the part of an inmate is speculative and lacks support in the record (*see Matter of Esposito v Hevesi*, 30 AD3d 667, 668 [2006]).

Lahtinen, J.P., Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.