*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 28, 2016                   521717
_____

In the Matter of VALERIE J.
    BISCARDI,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

NEW YORK STATE AND LOCAL
    RETIREMENT SYSTEM et al.,
                        Respondents.
_____

Calendar Date:  March 23, 2016

Before:  Peters, P.J., Lahtinen, Rose, Lynch and Aarons, JJ.

                    _____


        Valerie J. Biscardi, Brookhaven, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondents.

                    _____


Rose, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Comptroller denying
petitioner's application for disability retirement benefits.

        Petitioner initially applied for disability retirement
benefits pursuant to Retirement and Social Security Law article
15 in February 2012.  She withdrew that application in March 2012
and thereafter elected to take service retirement in September
2012.  In May 2013, petitioner's counsel inquired and was
informed by respondent New York State and Local Retirement System
that there was no record that petitioner had filed a subsequent
application for disability retirement benefits on September 19,

2012, as he contended.  Following a hearing, the Hearing Officer determined that petitioner had not established that she had filed a timely application pursuant to Retirement and Social Security Law § 605.  Respondent Comptroller adopted this determination, prompting this CPLR article 78 proceeding.

We confirm.  An application for disability retirement benefits must be filed, as relevant here, "within three months from the last date the member was being paid on the payroll" (Retirement and Social Security Law § 605 [b] [2]).  Kathleen Nowak, Director of Disability Services for the Retirement System, testified that a search of the Retirement System's records revealed petitioner's February 2012 disability retirement application and the March 2012 withdrawal letter, but no subsequent disability retirement benefits application.  Although petitioner argues that her counsel timely mailed a second application to the Retirement System in September 2012, "simply mailing an application does not constitute filing; rather, filing only occurs upon actual delivery to and receipt by [the Retirement System]" (Matter of Jarek v McCall, 268 AD2d 654, 655 [2000]; see Matter of O'Brien v DiNapoli, 116 AD3d 1124, 1125 [2014]).  In light of the foregoing, substantial evidence supports the Comptroller's determination that petitioner failed to file a timely application and it will not be disturbed.  Petitioner's remaining contentions have been reviewed and found to be without merit.

Peters, P.J., Lahtinen, Lynch and Aarons, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court