# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  February 9, 2017           522986
_____

In the Matter of SCOTT
 HUNTINGTON,
     Petitioner,

  v         MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
 Comptroller, et al.,
     Respondents.
_____

Calendar Date:  January 17, 2017

Before:  Peters, P.J., McCarthy, Egan Jr., Rose and Mulvey, JJ.

_____

  Scott Huntington, Wilmington, petitioner pro se.

  Eric T. Schneiderman, Attorney General, Albany (Frederick A. Brodie of counsel), for respondents.

_____

Rose, J.

  Proceeding pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for disability retirement benefits.

  On October 13, 2011, petitioner, a laborer, was notified by his employer, the Olympic Regional Development Authority (hereinafter ORDA), that it was terminating his employment for misconduct, and he received no further paychecks.  On March 30, over 17 months later, petitioner filed an application for disability retirement benefits under Retirement and Social Security Law article 15.  The New York State and Local Employees' Retirement System denied the application on the basis that the

application had not been timely filed.  Petitioner requested a hearing and redetermination, and, following a hearing, the Hearing Officer sustained the initial determination.  Respondent Comptroller accepted the Hearing Officer's findings, and petitioner commenced this CPLR article 78 proceeding challenging this determination.

We confirm.  Contrary to petitioner's contention, the Comptroller has exclusive authority to determine all applications for retirement benefits (see Retirement and Social Security Law § 74 [b]; Matter of Croshier v Levitt, 5 NY2d 259, 263 [1959]), and the Comptroller's determination will be upheld if the underlying factual findings are supported by substantial evidence (see Matter of Heil v New York State & Local Retirement Sys., 125 AD3d 1088, 1088 [2015], lv denied 25 NY3d 906 [2015]; Matter of Lewandowski v New York State & Local Police & Fire Retirement Sys., 69 AD3d 1027, 1028 [2010]).  An application for disability retirement benefits must generally be filed "within three months from the last date the member was being paid on the payroll" (Retirement and Social Security Law § 605 [b] [2]; see Matter of Biscardi v New York State & Local Retirement Sys., 138 AD3d 1380, 1381 [2016]; Matter of Heil v New York State & Local Retirement Sys., 125 AD3d at 1088), or, if the member "was placed on unpaid medical leave, 'not later than [12] months after' receiving notice that his or her employment has been terminated" (Matter of Komolafe v Cuomo, 83 AD3d 1258, 1259 [2011], quoting Retirement and Social Security Law § 605 [b] [2]).

Here, the record reflects that petitioner's employment was terminated on October 13, 2011 and that he last received payment on ORDA's payroll on that same day.  In addition, petitioner acknowledged having received the October 13, 2011 notice of discipline in the mail from ORDA, and our review of that notice confirms that it unambiguously informed him that his employment was being terminated.  Petitioner's contention that he received a subsequent letter from ORDA in April 2012 that first informed him of his termination is not supported by the record and presented a credibility issue for the Hearing Officer, and ultimately the Comptroller, to resolve (see Matter of Yurko v DiNapoli, 122 AD3d 1047, 1048 [2014]; Matter of Messina v New York State & Local Employees' Retirement Sys., 102 AD3d 1068, 1069 [2013], lv denied

21 NY3d 855 [2013]).  Accordingly, inasmuch as petitioner did not file his application for disability retirement benefits until March 30, 2013, we find that substantial evidence supports the Comptroller's determination that petitioner failed to file a timely application, and we decline to disturb that determination (see Matter of Biscardi v New York State & Local Retirement Sys., 138 AD3d at 1381; Matter of Heil v New York State & Local Retirement Sys., 125 AD3d at 1088).  Petitioner's remaining contentions are either beyond the scope of the Comptroller's determination and not properly before us or are unnecessary to address in light of our determination herein (see Retirement and Social Security Law § 74 [b]).

Peters, P.J., McCarthy, Egan Jr. and Mulvey, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court