■ In the Matter of MICHAEL CASCARANO, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [51 NYS3d 644]—

Devine, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for disability retirement benefits.

Petitioner was a sanitation worker for the City of Yonkers until, as a result of a disciplinary proceeding, he received notice from his employer of his termination on June 15, 2012. On May 22, 2013, petitioner applied for disability retirement benefits pursuant to Retirement and Social Security Law article 15. The New York State and Local Employees' Retirement System denied the application on the basis that the application was untimely. Petitioner requested a hearing and redetermination, and, following a hearing, the Hearing Officer sustained the initial determination. Respondent accepted the Hearing Officer's findings, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. Respondent has exclusive authority to determine applications for retirement benefits (see Retirement and Social Security Law § 74 [b]; Matter of Croshier v Levitt, 5 NY2d 259, 263-264 [1959]), and his determination will be upheld if the underlying factual findings are supported by substantial evidence (see Matter of Heil v New York State & Local Retirement Sys., 125 AD3d 1088, 1089 [2015], lv denied 25 NY3d 906 [2015]; Matter of Lewandowski v New York State & Local Police & Fire Retirement Sys., 69 AD3d 1027, 1028 [2010]). An application for disability retirement benefits must generally be filed "within three months from the last date the member was being paid on the payroll" (Retirement and Social Security Law § 605 [b] [2]; see Matter of Biscardi v New York State & Local Retirement Sys., 138 AD3d 1380, 1381 [2016]), or, if the applicant "was placed on unpaid medical leave, 'not later than [12] months after' receiving notice that his or her employment has been terminated" (Matter of Komolafe v Cuomo, 83 AD3d 1258, 1259 [2011], quoting Retirement and Social Security Law

§ 605 [b] [2]).* As we have previously observed, the phrase " 'on the payroll' . . . encompass[es] only payments for services rendered while working" (*Matter of Kennedy v New York State & Local Retirement Sys.*, 269 AD2d 669, 670 [2000], *lv denied* 95 NY2d 753 [2000]; *see Matter of Denson v DiNapoli*, 129 AD3d 1271, 1272 [2015]; *Matter of Leonard v Regan*, 167 AD2d 790, 791-792 [1990]).

Here, the employer's payroll records reflect that petitioner's employment was terminated on June 15, 2012 and that he last received payment on that day. Following the hearing, petitioner requested that a transcript of an arbitration proceeding in which he challenged his termination be placed into evidence. Petitioner testified at the hearing that he entered into a settlement agreement during the arbitration proceeding in which he agreed to resign from his employment on February 3, 2013 in exchange for back pay that he ultimately received in December 2013. Contrary to petitioner's contention, the Hearing Officer properly declined to consider the transcript since it was not introduced at the hearing and constituted prohibited "[r]ebuttal evidence" (2 NYCRR 317.4 [c]; *see Matter of Regan v New York State & Local Employees' Retirement Sys.*, 14 AD3d 927, 929 [2005], *lv denied* 4 NY3d 709 [2005], *lv dismissed* 5 NY3d 824 [2005]; *Matter of Knight v New York State & Local Employees' Retirement Sys.*, 266 AD2d 774, 776 [1999]). Moreover, the lump-sum back payment he received as a result of the settlement agreement does not constitute payment "on the payroll" for purposes of Retirement and Social Security Law § 605 (b) (2), as it was not payment for actual services rendered while working for the employer (*see Matter of Oshode v DiNapoli*, 115 AD3d 1135, 1136 [2014]; *Matter of Kennedy v New York State & Local Retirement Sys.*, 269 AD2d at 670). Thus, substantial evidence supports respondent's determination that petitioner's May 22, 2013 application for benefits was untimely (*see Matter of Kennedy v New York State & Local Retirement Sys.*, 269 AD2d at 670; *Matter of Leonard v Regan*, 167 AD2d at 791-792). Petitioner's remaining contentions are either unnecessary to address in light of our determination herein or are without merit.

Peters, P.J., Lynch, Rose and Mulvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* The parties do not dispute that petitioner was not placed on approved medical leave of absence prior to or at the time of his termination from employment in June 2012.