Matter of Hannon v New York State Dept. of Human Rights (2019 NY Slip Op 02343)





Matter of Hannon v New York State Dept. of Human Rights


2019 NY Slip Op 02343


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX, JJ.


2016-05923
 (Index No. 8593/15)

[*1]In the Matter of Mary Ann Hannon, petitioner,
v
New York State Department of Human Rights, et al., respondents.


Wayne J. Schaefer, LLC, Smithtown, NY, for petitioner.
Letitia James, Attorney General, New York, NY (Judith N. Vale, David Lawrence III, and Josh Parker of counsel), for respondent.



DECISION & JUDGMENT
Proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Comptroller of the New York State and Local Retirement System, dated February 25, 2015. The determination adopted the findings of a hearing officer, dated December 31, 2014, made after a hearing pursuant to section 74 of the Retirement and Social Security Law, and denied the petitioner's application for disability retirement benefits.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner applied for disability retirement benefits because she was diagnosed with fibromyalgia, Graves' disease, and chronic fatigue syndrome. The petitioner submitted over 200 pages of medical records to the Medical Board of the respondent New York State and Local Retirement System (hereinafter the System). The System referred the petitioner to a physician, Seymour Alter, for a medical examination. Alter submitted a report in which he found that the petitioner's Graves' disease with hyperthyroidism was "well controlled" and "should present no obstacle to her ability to work." With respect to the fibromyalgia and chronic fatigue syndrome, Alter stated that the petitioner's "muscular pains and chronic fatigue are essentially self-reported conditions that are unverifiable in objective terms. From an internal medicine standpoint, there are no findings in the records or examination to support a disabling condition." Alter concluded that "the findings on this examination are insufficient to establish any disabling condition related to chronic fatigue, fibromyalgia, or Graves' disease."
The System denied the petitioner's application. At the petitioner's request, a redetermination hearing was held before a hearing officer, at which time the petitioner offered additional medical records and the testimony of her family practitioner, George Lehner. Lehner testified that the petitioner's medical issues "basically consist of the suffering of arthritis and fibromyalgia which gives her chronic fatigue." As a result of those chronic problems, the petitioner suffered from anxiety, depression, headaches, asthma, and Graves' disease. Lehner was of the [*2]opinion that the petitioner was permanently disabled. The petitioner also submitted letters from other medical professionals stating that the petitioner was disabled due to a constellation of symptoms and conditions, which, in addition to her fibromyalgia, Graves' disease, and chronic fatigue syndrome, included asthma, severe allergies, lumbar radiculopathy, major depressive disorder, arthritis, anxiety, and headaches. Alter reviewed the transcript of the hearing and the additional medical records introduced and issued a supplemental report in which he found the additional information did not change his opinion. The hearing officer credited Alter's opinion and recommended denying the petitioner's application. Those findings were accepted by the System in its final determination (hereinafter the final determination).
The petitioner thereafter commenced this proceeding against the System and the New York State Department of Human Rights (hereinafter the Department and, together, the respondents) pursuant to article 78 of the CPLR.
An applicant seeking disability retirement benefits bears the burden of demonstrating that she is permanently incapacitated from performing her job duties (see Retirement and Social Security Law § 605[b][3]; State Administrative Procedure Act § 306[1]; Matter of DeCarlis v New York State & Local Retirement Sys., 159 AD3d 1243, 1243). The Comptroller is vested with the "exclusive authority" to determine an application for disability retirement benefits (Retirement and Social Security Law § 74[b]; see Matter of Cascarano v DiNapoli, 148 AD3d 1504, 1504; Matter of Heil v New York State & Local Retirement Sys., 125 AD3d 1088, 1088). The Comptroller's decision will be upheld if supported by substantial evidence (see Matter of Cascarano v DiNapoli, 148 AD3d at 1504; Matter of Heil v New York State & Local Retirement Sys., 125 AD3d at 1088).
The petitioner argues that the medical records upon which the System based its initial denial of her application were erroneously admitted into evidence at the hearing. The petitioner withdrew her objection to these records at the hearing and, thus, failed to preserve this issue for review (see Matter of Baker v Chief of N.Y. City Tr. Police Dept., 232 AD2d 632, 632).
In reviewing the determination of the Comptroller following a hearing, this Court's review is limited to considering whether the determination is supported by substantial evidence (see Matter of Cepeda v New York State Comptroller, 115 AD3d 1146, 1147). In disability cases, "substantial evidence" has been construed to require "some credible evidence" (Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760-761; see Matter of Hernandez v New York City Employees' Retirement Sys., 148 AD3d 706, 707).
The hearing officer was entitled to credit Alter's opinion. "[I]t is within the exclusive authority of the Comptroller to evaluate the medical evidence and credit one medical opinion over another" (Matter of Loysen v New York State & Local Retirement Sys., 100 AD3d 1168, 1169; see Matter of Swack v Hevesi, 30 AD3d 853, 854; Matter of English v McCall, 6 AD3d 923, 924). The Comptroller's decision to credit an expert is "dispositive where, as here, the credited expert provides an articulated, rational and fact-based opinion, founded upon a physical examination and review of relevant medical reports and records'" (Matter of Loysen v New York State & Local Retirement Sys., 100 AD3d at 1169, quoting see Matter of Swack v Hevesi, 30 AD3d at 854). Alter reviewed the medical records the petitioner submitted to the System and conducted a physical examination of the petitioner. He also considered the letters from the petitioner's treating physicians stating that she was permanently disabled due to the conditions listed in her application as well as other resultant conditions. Furthermore, Alter reviewed the hearing testimony of the petitioner and Lehner. The System was entitled to credit the opinion set forth in Alter's supplemental report because it was founded upon a physical examination and review of relevant medical reports and records (see Matter of Loysen v New York State & Local Retirement Sys., 100 AD3d at 1169; Matter of Swack v Hevesi, 30 AD3d at 854).
The petitioner's remaining contention is without merit.
Accordingly, the determination was supported by substantial evidence.
BALKIN, J.P., CHAMBERS, ROMAN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court